SAMUEL SCHIFFER, Appellant, *v.* THOMAS PRUDEN, Respondent.

64   47
118  554

Under the provisions of the Revised Statutes (2 R. S., 146, § 48), declaring that a wife convicted of adultery in an action brought against her by her husband for divorce, shall not be entitled to dower in his real estate, it is only where, upon proof and a finding or verdict of adultery, the court has, in such an action, given judgment of divorce against the wife and dissolved the marriage contract that her right of dower is lost; the forfeiture is not a consequence of the offence, but of the judgment founded thereon.

Where, therefore, in an action of divorce *a vinculo* brought by a husband against his wife, the referee found the wife guilty of the adultery charged, but also found the husband guilty of the same offence, and thereupon a judgment was entered dismissing the complaint, *held,* that the wife had not lost her right of dower; that this possibility of dower affected the title to lands deeded by the husband, she not having joined in the deed or in any manner relinquished her right; and that a vendee who had contracted to purchase and pay for the premises upon delivery of a deed assuring to him the fee, clear of all incumbrances, was not required to accept such title.

(Argued January 17, 1876; decided January 25, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York in favor of defendant, entered upon a case submitted under section 372 of the Code. (Reported below, 7 J. & S., 167.)

The facts as stated, were, in substance, these. In October, 1872, the parties entered into a contract by which plaintiff agreed to sell certain premises in New York city to defendant, and to convey, in October, 1874, by warranty deed with full covenants, conveying and assuring to defendant the fee simple, free of all incumbrances. Defendant upon delivery of said deed agreed to pay the purchase-price. The premises in question were conveyed to plaintiff by one Dietz, by deed dated May 1, 1872. Dietz was at that time the owner in fee of the premises; he was a married man; his wife did not join in the deed and is still living, and has executed no release or conveyance of her inchoate right of dower. In March, 1873, Dietz commenced an action against his wife for

divorce on the ground of adultery. She appeared and answered setting up counter-allegations of adultery on the part of her husband. The issues were referred and the referee found the charges in both complaint and answer to be true and that neither party was entitled to a divorce, and thereupon a judgment was entered dismissing the complaint. At the time and place specified in the contract plaintiff tendered to defendant a warranty deed of the premises, with the usual full covenants, and demanded the purchase-price. Defendant refused to accept the deed, claiming the title to be defective in that it was subject to the inchoate dower right of Mrs. Deitz.

*Charles Jones* for the appellant. The premises were not incumbered by an inchoate right of dower of Mrs. Dietz, the wife of plaintiff's grantor. (2 R. S., 146, § 48; 3 R. S. [5th ed.], 237, § 61.) The subject of dower, so far as it has not vested, is entirely under the control of the legislature. (*Moore* v. *Mayor, etc.*, 8 N. Y., 110.) To deprive Mrs. Dietz of her right of dower, she having been found guilty of adultery a judgment of divorce was not necessary. (3 R. S. [5th ed.], 32, § 8; id., 235, § 51; 2 R. S., 146, § 43; 1 Roper on Husband and Wife, 331; 4 Kent's Com., 50; *Wait* v. *Wait*, 4 N. Y., 95; *Hethrington* v. *Graham*, 6 Bing., 135; *Reynolds* v. *Reynolds*, 24 Wend., 193; 2 Coke's Inst., 435; *Coot* v. *Berty*, 12 Mod., 232.)

*J. Edgar* for the respondent. The adultery of Mrs. Dietz did not work a forfeiture of dower, it not having been followed by a decree of divorce *a vinculo*. (2 R. S. [3d ed.], 27, § 8; id., 205, § 47; 2 id., 204, § 41; 2 R. L., 199, § 8 [Revisers' Notes, 1st ed.]; 3 R. S., 597, § 8; 2 Scribner on Dower, 502; *Reynolds* v. *Reynolds*, 24 Wend., 193, 196–197; *Wait* v. *Wait*, 4 N. Y., 95, 102; *Cooper* v. *Whitney*, 4 Hill, 99; *Pitts* v. *Pitts*, 52 N. Y., 593.)

FOLGER, J. In effect, the plaintiff here asks the judgment of the court, that the defendant perform his contract for the

purchase of certain lands, by paying the consideration-money agreed upon and taking a deed from the plaintiff. The defendant objects that the plaintiff is not able to give a good title; and it appears that Dietz, the immediate grantor of the plaintiff, had at the time of his conveyance to the plaintiff, and still has, a wife living. She did not join in the deed to the plaintiff, made by her husband, nor has she in any way, at any time, released any interest or right which she ever had in the premises. As his wife, married to him before the execution of the deed by him to the plaintiff, and while he was seized of an inheritance in the lands, she is *prima facie*, if she survives him and becomes his widow, entitled to dower in the lands. (1 R. S., 740, § 1.) In answer to this *prima facie* show of right in her, the plaintiff insists, that in an action for a divorce *a vinculo* from her, on account of her adultery, formerly brought by Dietz, her husband, it was found by the referee that she had committed adultery, as alleged in the complaint. It further appears, however, that in the same action the referee also found, that Dietz had committed adultery, and hence a judgment of divorce between them was denied, and there was judgment that his complaint be dismissed.

In that part of the Revised Statutes which treats of dower, it is enacted that in case of divorce, dissolving the marriage contract for the misconduct of the wife, she shall not be endowed. (1 R. S., 741, § 8.) The misconduct there spoken of must be her adultery, for there is no other cause for a divorce, dissolving the marriage contract. (2 R. S., p. 144; see *Reynolds* v. *Reynolds*, 24 Wend., 193.) This does not aid the plaintiff, for, as we have seen, there was no judgment of divorce granted to Dietz, and hence no divorce dissolving the marriage contract with his wife. The plaintiff invoked another section of the Revised Statutes, which is in these words: " A wife being a defendant in a suit for divorce brought by her husband, and convicted of adultery, shall not be entitled to dower in her husband's real estate, or any part thereof. * * *" (2 R. S., 146, § 48.) He con-

tends that the finding of fact of the referee above men-
tioned, is a conviction of her of adultery, and that she
is thereby barred of, or has lost, her right to be endowed
in these lands.   He has argued as though any conviction
in any action, that is (as he interprets the word convic-
tion) any finding of fact, or any verdict that a wife has
been guilty of adultery, will take from her her title to dower.

It is to be observed, however, that even upon that inter-
pretation the section cited has not all that scope.   It must be
a suit for divorce, and it must be a suit for divorce in which
she is defendant.   So that if she should, as plaintiff, bring
suit against her husband for divorce for his adultery, if he,
on the hearing, should make proof of her adultery and she
be found guilty thereof, and thus bar her action for divorce,
this section would not apply.   We cannot agree that the word
*conviction*, in the place in which it is found, means only the
establishing her adultery as a fact, by proof.   We think that
it is charged with the fuller meaning that, upon the proof
and finding or verdict of her adultery, the court has given
judgment of divorce against her, and dissolved the marriage
between her and the husband.   Dower is the adjunct of mar-
riage and survivorship ; and by the statute, as well as by the
common law, every wife becoming a widow shall be endowed.
It does not seem, when the statutes on dower and divorce are
read together, that the legislature meant to take away from
her the right of dower as a punishment for her adultery, and
at the same time leave her a wife, and thus entitled to rights
and relations of much greater significance and value.   And
it is here to be observed of the former statutes of England
(13 Edw. I, chap. 34), and of this State (2 Greenl., Laws of
N. Y., p. 274, § 7; 1 Rev. Laws 1813, p. 58, § 8), cited by
the plaintiff, by which the adulterous wife was barred of her
dower, that they included in the offence, the willingly leaving
her husband and going away from him and continuing with
her adulterer ; thus contemplating as part of the offence
which was to work that punishment, the notorious and con-
tinued breaking of the vows, and the practical breaking of

the bonds, of matrimony. And force is added to this notion, when it is found that notwithstanding the elopement and adultery, if there was a voluntary reconciliation on the part of the husband and wife, she was still entitled to dower (2 Inst., 435); for, as it is there said, the cause of the bar of dower is not the manner of the going away, but the remaining with the adulterer in avoutry without reconciliation. It is to have weight, too, that the section relied upon was not passed with the primary object of affecting dower. It is found in a part of the Revised Statutes touching the domestic relations. The article which contains it is headed thus: "Of divorces dissolving the marriage contract." The main purpose of the enactment is to declare the cause for which, and the manner in which, a judgment of a court may be got decreeing a divorce and a dissolution of the marriage contract. When this has been provided for, the enactment then proceeds naturally, to set forth the consequences of that judgment, one of which is the loss of dower by the guilty wife when a defendant. But the spirit of the enactment is, that it is a consequence of the judgment, which is founded upon the fact of the offence, and not a consequence of the offence without a judgment thereupon. Such we consider was the intent of the section. We are helped to this conclusion by the next section, the forty-ninth (2 R. S., 146, § 49), which declares that, when a marriage is dissolved pursuant to the article, the complainant may marry again during the lifetime of the defendant; but no defendant convicted of adultery shall marry again until the death of the complainant. Here again is the phrase "convicted of adultery," but used in such collocation that, beyond doubt, it means convicted of adultery, not only by proof and verdict of the fact, but by a judgment of the court upon the fact, convicting of the adultery, and adjudging a dissolution of the then existing marriage contract, so that, it being naught, another new marriage might be had but for the prohibition of the statute.

Again, our decision in *Pitts* v. *Pitts* (52 N. Y., 593) is an authority for the holding that we now make. There the wife

had been proven to have been guilty of adultery. The fact was found, but no judgment of divorce was rendered, because there had been a condonation by the husband. Yet she was convicted as much as the wife of Dietz was.

Nor does an adherence to the literal reading of the section relied upon unavoidably lead to the conclusion of the plaintiff. Doubtless the word *conviction* ordinarily signifies the finding of the jury by a verdict that the accused is guilty. Yet the word sometimes denotes the final judgment of the court. (2 Dwarris on Stat. [2d London ed.], 683; *Foster's Case*, 11 Rep., 107; *Keithler* v. *State* 10 Sm. & M. [18 Miss.], 192; *Reg.* v. *Hincks*, 1 Den. Cr. Cas., 84.) Thus the case of a witness rendered incompetent to testify, by conviction for an infamous crime, has an analogy. The language of the law is, that he is rendered incompetent by his conviction of treason, felony or *crimen falsi;* but to shut him from the witness-box, his conviction must be shown by a judgment. (*The People* v. *Herrick*, 13 J. R., 82; *The People* v. *Whipple*, 9 Cow., 707; see, also, 10 Sm. & M., *supra;* 1 Den. Cr. Cas., *supra,* where POLLOCK, B., says: " A verdict of a jury in a civil cause is not evidence without judgment.")

We are therefore of the opinion that Harriet Dietz, though declared by the finding of fact of the referee to have committed adultery, yet never adjudged therefor to be divorced from her husband, is still his wife, and entitled to her dower in his lands if she survives him.

It follows that this possibility of dower affects the title tendered by the plaintiff, and that the judgment of the General Term was right and must be affirmed.

All concur.

Judgment affirmed.