MARY B. VAN CLEAF, Appellant, *v.* CATHARINE BURNS et al., Respondents.

118 549
124 601
118 549
133 540

118 549
75 AD¹873

A decree dissolving a marriage for a cause not regarded as adequate by the laws of this state, rendered in another state by a court having jurisdiction of the subject and the parties, in an action brought by the husband, will not deprive the wife of her then existing dower rights in lands in this state; at least, in the absence of evidence that, under the laws of the state where it was rendered, it has that effect.

As to whether, even with such evidence, it will have the same effect in this state, *quære.*

The word "misconduct," in the provision of the Revised Statutes (1 R. S. 740, § 1), declaring that "in case of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed," refers, not to any act which may be termed misconduct or converted into a cause of action by the Legislature of another state but only to that kind of misconduct which our laws recognize as sufficient to authorize a divorce—that is, adultery.

*It seems,* the provisions of the Code of Civil Procedure (§§ 1756, 1760), providing that where judgment is rendered, at the suit of the husband, dissolving the marriage, the wife shall not be entitled to dower, were substituted for the provisions of the Revised Statutes (2 R. S. 146, § 48) declaring that "a wife being a defendant in a suit for a divorce brought by her husband, and convicted of adultery, shall not be entitled to dower," and the repeal of the latter provision (§ 1, subd. 4, chap. 245, Laws of 1880) left the law unchanged.

*Van Cleaf* v. *Burns* (43 Hun, 461), reversed.

(Submitted January 22, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 15, 1887, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The plaintiff brought this action to recover dower in certain lands situate in the city of Brooklyn, of which one David Van Cleaf, deceased, was seized while he was her husband.

The complaint alleged that plaintiff was married to said Van Cleaf on the 6th of July, 1875, and that he died November 12, 1884; that during said period he was seized

and possessed of the premises in question, and that the defendants are in possession thereof, claiming to own the same.

Without denying any of said allegations, the defendant Catharine Burns answered, alleging that on the 9th of April, 1881, said David Van Cleaf, who was then a resident of the state of Illinois, was duly divorced from the plaintiff on account of her misconduct by the judgment of a court in that state, which had jurisdiction of the subject-matter and of the parties.

The trial court found the following facts: "That in an action in the Circuit Court of Cook county, Illinois, in which David Van Cleaf was plaintiff, and said Mary B. Van Cleaf was defendant, brought for a divorce and dissolution of the marriage for the cause and ground that said Mary B. Van Cleaf had willfully deserted and absented herself from said David Van Cleaf, her husband, without any reasonable cause, for the space of more than two years before the commencement of such action, which, by the laws of Illinois, was a ground for absolute divorce and dissolution of the bond of marriage, such proceedings were had that, on April 9, 1881, judgment was granted and perfected therein in favor of said David Van Cleaf against said Mary B. Van Cleaf, dissolving the bond of marriage between them, for the cause and ground aforesaid, which cause and ground was, by said judgment, adjudged to exist.

"That said court, in pronouncing said judgment, had jurisdiction of the subject-matter of the action and judgment, and of the parties thereto.

"That said David Van Cleaf was, at the time of said action and judgment, domiciled in Chicago, in the state of Illinois, and said Mary B. Van Cleaf, on October 18, 1880, appeared in said action in person, and filed her answer in writing to the complaint, having first received notice of the commencement of the suit by the service on her in this state of the summons and complaint.

"That the plaintiff was, during all the time above mentioned, a resident of the city of Brooklyn in the state of New York."

The court found, as a conclusion of law, that the complaint should be dismissed upon the merits, with costs, to which the plaintiff duly excepted.

The only proof given by either party on the trial was a stipulation admitting the facts as found.

The case states that no other facts appeared, and the parties stipulate, for the purpose of any appeal, that David Van Cleaf was seized in fee-simple of the premises in question between the date of his marriage to the plaintiff and the date of said divorce, and that such admission shall have the same effect as though found by the trial judge upon proper evidence.

*John H. Kemble* for appellant.    Under the statutes of this state and their construction by our courts, the dissolution of the marriage contract does not forfeit the right of dower, except as provided by statute. (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Wait* v. *Wait,* 4 id. 95, 100; *In re Ensign,* 34 Alb. L. J. 425.) The divorce for the misconduct of the wife which will forfeit her right to dower, is a divorce for her adultery. (1 Greenl. on Ev. 294, § 7; *People* v. *Baker,* 76 N. Y. 78–88; 3 R. S. [5th ed.] 32, 237, §§ 8–61; *Beebe* v. *Estabrook,* 79 N. Y. 246–252; 3 R. S. 32, § 9; *Pitts* v. *Pitts,* 52 N. Y. 593; *Schiffer* v. *Pruden,* 64 id. 47–49; 1 R. S. 741, § 8; 3 id. 990, § 44; *In re Ensign,* 103 N. Y. 284; *McGaffin* v. *City of Cohoes,* 74 id. 387, 389; *In re Tilden,* 98 id. 434–442.) The divorce which will work a forfeiture of dower intended by the statute, is by a judgment recovered in this state. (*Sims* v. *Sims,* 75 N. Y. 466; *N. T. Co.* v. *Gleason,* 77 id. 400–410; *Van Vorhis* v. *Brinkmall,* 86 id. 18–31; *Pitts* v. *Pitts,* 52 id. 593–595.) It is not shown that by the laws of Illinois the judgment in question would bar dower in that state. (*Cuyler* v. *Wright,* 22 N. Y. 471; *Thorner* v. *Batory,* 41 Md. 593; *People* v. *Baker,* 76 N. Y. 78–88.)

*Josiah T. Marean* for respondent.    The word "misconduct" in section 8 of the chapter of the Revised Statutes on

Estates in Dower, is used as a synonym for adultery. (*Harding* v. *Alden*, 9 Greenl. 140, 151–152 ; *Mansfield* v. *McIntyre*, 10 Ohio, 27–28 ; 4 Kent's Comm. 53, 54.)

VANN, J.   Our Revised Statutes provide that " a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage," (1 R. S. 740, § 1), but that " in case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed." (Id. § 8.)   It is further provided by the Code of Civil Procedure, that where final judgment is rendered dissolving the marriage in an action brought by the wife, her inchoate right of dower in any real property of which her husband then was or was theretofore seized shall not be affected by the judgment, but that when the action is brought by the husband, the wife shall not be entitled to dower in any of his real property, or to a distributive share in his personal property. (§§ 1759 and 1760.) These provisions of the Code replaced a section of the Revised Statutes which provided that " a wife being a defendant in a suit for a divorce brought by her husband, and convicted of adultery, shall not be entitled to dower in her husband's real estate, or any part thereof, nor to any distributive share of his personal estate." (2 R. S. 146, § 48, repealed L. 1880, ch. 245, § 1, sub. 4.)

An absolute divorce could be granted only on account of adultery, under either the Revised Statutes or the Code. (3 R. S. [6th ed.] 155, §§ 38–42 ; Code Civ. Pro. §§ 1756, 1761.) According to either, an action could be brought to annul, to dissolve or to partially suspend the operation of the marriage contract.   A marriage may be annulled for causes existing before or at the time it was entered into, and the decree in such cases destroys the conjugal relation *ab initio* and operates as a sentence of nullity. (Code Civ. Pro. §§ 1742, 1754.)   A marriage contract may be dissolved and an absolute divorce, or a divorce proper, granted for the single cause already mentioned.   Such a judgment operates from the date of the decree

by relieving the parties from the obligations of the marriage, although the party adjudged to be guilty is forbidden to remarry until the death of the other. It has no retroactive effect except as expressly provided by statute. ( *Wait* v. *Wait*, 4 N.Y. 95.) An action for a separation, which is sometimes called a limited divorce, neither annuls nor dissolves the marriage contract, but simply separates the parties from bed and board, either permanently or for a limited time. (Code Civ. Pro. §§ 1762–1767.) Neither the nature nor effect of the judgment of divorce granted by the court in Illinois, in favor of David Van Cleaf against the plaintiff, appears in the record before us, except that the bond of marriage between them is stated to have been dissolved upon the ground that she had wilfully deserted, and absented herself from her husband without reasonable cause for the space of more than two years prior to the commencement of the action. It does not even appear that the decree would have the effect upon her right to dower in the state where it was rendered that is claimed for it here. Apparently it simply dissolved the marriage relation, and whether it had any effect by retroaction upon property rights existing at its date, is not disclosed. A judgment of a sister state can have no greater effect here than belongs to it in the state where it was rendered. (*Suydam* v. *Barber*, 18 N. Y. 468.) There is no presumption that the statutes of the state of Illinois agree with our own in relation to this subject. (*Cutler* v. *Wright*, 22 N. Y. 472; *McCulloch* v. *Norwood*, 58 id. 562.) If they do, the fact should have been proved, as our courts will not take judicial notice of the statutes of another state. (*Hosford* v. *Nichols*, 1 Paige, 220 ; *Chanoine* v. *Fowler*, 3 Wend. 173 ; *Sheldon* v. *Hopkins*, 7 id. 435 ; Wharton on Evidence, §§ 288, 300.) Adequate force can be given to the Illinois judgment by recognizing its effect upon the *status* of the parties thereto, without giving it the effect contended for by the respondent. (*Barrett* v. *Failing*, 111 U. S. 523 ; *Mansfield* v. *McIntyre*, 10 Ohio, 27.)

The judgment appealed from, therefore, can be affirmed only upon the ground that a decree dissolving the marriage tie,

rendered in another state for a cause not regarded as adequate by our law, has the same effect upon dower rights in this state as if it had been rendered by our own courts adjudging the party proceeded against guilty of adultery. This would involve as a result, that the expression "misconduct of the wife" as used in the Revised Statutes, means any misconduct, however trifling, that by the law of any state is a ground for divorce. Thus it might happen that a wife, who resided in this state and lived in strict obedience to its laws, might be deprived of her right to dower in lands in this state by a foreign judgment of divorce based upon an act that was not a violation of any law of the state of her residence. It is important, therefore, to determine whether the provision that a wife shall not be endowed, in case of divorce dissolving the marriage contract for her misconduct, refers only to that act which is misconduct authorizing a divorce in this state, or to any act which may be termed misconduct and converted into a cause of divorce by the Legislature of any state.

In *Shiffer* v. *Pruden* (54 N. Y. 47, 49), this court, referring to said provision of the Revised Statutes, said that "the misconduct there spoken of must be her adultery, for there is no other cause for a divorce dissolving the marriage contract." It had before said, in *Pitts* v. *Pitts* (52 N. Y. 593), that "a wife can only be barred of dower by a conviction of adultery in an action for divorce and by the judgment of the court in such action." While these remarks were not essential to the decision of the cases then under consideration, they suggest the real meaning and proper application of the word misconduct as used in the Revised Statutes with reference to its effect upon dower.

When the Legislature said, in the chapter relating to dower, that a wife should not be endowed when divorced for her own misconduct, and, in the chapter relating to divorce, that she should not be entitled to dower when convicted of adultery, the sole ground for a divorce, we think that by misconduct adultery only was meant, or that kind of misconduct which our laws recognize as sufficient to authorize a divorce. The

sections relating to dower and to the effect of divorce upon
dower are *in pari materia* and should be construed together,.
and when thus construed they lead to the result already indi-
cated. (*Beebe* v. *Estabrook*, 79 N. Y. 246, 252.) The repeal
of section 48, which provided that the wife, if convicted of
adultery, should not be entitled to dower, has not changed the
result, as sections 1756 and 1760 of the Code have been sub-
stituted, leaving the law unchanged. They enact, in effect,
that when judgment is rendered, at the suit of the husband,.
dissolving the marriage for the adultery of the wife, she shall
not be entitled to dower in any of his real property. There
is no change in meaning and the slight change in language,.
as the commissioners of revision reported, was to consolidate
and harmonize the new statute with the existing system of
procedure. (Throop's Annotated Code, § 1760, note.)

The repealed section was pronounced in *In re Ensign*
(103 N. Y. 284), "An unnecessary and superfluous provision as
respects dower." It was also held in that case that while the
relation of husband and wife, both actual and legal, is utterly
destroyed by a judgment of divorce so that no future rights
can thereafter arise from it, still, existing rights, already vested,
are not thereby forfeited, and are taken away only by special
enactment as a punishment for wrong. It follows that depriv-
ing a woman of her right to dower is a punishment for a
wrongful act perpetrated by her. Is it probable that the
Legislature intended to punish as a wrong that which it had
not declared to be a wrong ? If a divorce granted in another
state for wilful desertion, relates back so as to affect, by way
of punishment, property rights previously acquired, must not
a divorce for incompatibility of temper or any other frivolous
reason be attended with the same result ? Does the penalty
inflicted upon the guilty party to a divorce granted in this
state for a single and special reason, attach to any judgment
for divorce, granted in any state for any cause whatever,.
including, as is said to be the law in one state, the mere
discretion of the court ?

Our conclusion is that as nothing except adultery is, in this

state, regarded as misconduct with reference to the subject of absolute divorce, no other misconduct is here permitted to deprive a wife of existing dower rights, even if it is the basis of a judgment of divorce lawfully rendered in another state, unless it expressly appears that such judgment has that effect in the jurisdiction where it was rendered, and as to that we express no opinion.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except FOLLETT, Ch. J., dissenting.

Judgment reversed.