(48 Misc. Rep. 273)

### VOKE v. PLATT et al.

(Supreme Court, Special Term, Onondaga County. September, 1905.)

DOWER—RIGHTS OF DIVORCED WIFE.

> Where a wife obtained a judgment for separation in New York, and thereafter procured a divorce in Kansas on the ground of cruelty, without personal service on the husband or his appearance, and afterwards married, she cannot recover dower in lands thereafter acquired by the husband, or which he owned at the time of the divorce.
>
> [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dower, §§ 102–107.]

Action by Ann Voke against Willis Platt, executor, and others, for dower. Judgment for defendants.

M. F. Dillon, for plaintiff.
William James and George Barrow, for defendants.

ANDREWS, J. The plaintiff married one Thomas Voke in 1863. In 1891, having obtained a judgment of separation against him, she removed to the state of Kansas. In 1892 she began an action in that state for an absolute divorce against Mr. Voke on the ground of cruelty. He was still a resident of this state, and no personal service of the papers was made upon him, nor did he appear in the ac-

tion.  On his default, however, a judgment was rendered dissolving the marriage, and releasing and discharging the parties "from all. the rights and privileges, duties, and obligations of said marriage contract and relations as fully and completely as if the same had never existed."  The plaintiff then remarried.  In 1904 Thomas Voke died.  It is said that he left some real estate, of which he was seised at the time of the marriage with the plaintiff and prior to 1892.  This action is brought by the plaintiff, claiming to be his widow, to recover her dower in such real estate.

It is to be noticed that section 1759 of the Code of Civil Procedure is not applicable.  It relates solely to an action for divorce brought by the wife on the ground of the husband's adultery.  It should also be remembered that the validity of the Kansas judgment may not be questioned by the plaintiff.  She, at least, is bound by it.  So as to real estate acquired by Thomas Voke after it was rendered there is no doubt.  There can be no dower because there is no coverture.. Starbuck v. Starbuck, 173 N. Y. 503, 66 N. E. 193, 93 Am. St. Rep. 631.  The bare question to be decided is whether, under the circumstances stated, in the absence of any statute regulating the question, the right to dower exists—whether a woman is dowable if the marriage does not continue at the time of the husband's death.

The leading case in this state for the affirmative is Wait v. Wait, 4 N. Y. 95.  It was there held that, even in the absence of a statute protecting her rights, a divorce on the ground of the adultery of the husband did not deprive the wife of her dower in real estate owned by him at the time.  It is said that by virtue of marriage and seisin the interest of the wife attaches.  She can release it; otherwise it remains, unless there is some declared forfeiture.  The dissolution of the marriage has no retroactive effect upon a right already vested. The maxim, "Ubi nullum matrimonii, ibi nulla dos," applies not to a divorce which admits the validity of the marriage and dissolves it, but only to those cases where it is void ab initio.  This is shown by the history of the English law of divorce, and is illustrated by the fact that in bills of divorce by Parliament the provision barring the wife from dower is inserted.  The fact that the word "widow" is used in statutes with regard to dower is not controlling.  It simply means a person whose right to dower has accrued.  The same opinion was expressed by the vice chancellor in Burr v. Burr, 10 Paige, 20–25, decided in 1842, and it was followed in Forrest v. Forrest, 6 Duer, 102–152. In Matter of Ensign, 103 N. Y. 284, 8 N. E. 544, 57 Am. Rep. 717, Judge Finch quotes Wait v. Wait, and the rule there laid down, with approval.  In Van Cleaf v. Burns, 118 N. Y. 549, 23 N. E. 881, 16 Am. St. Rep. 782; Id., 133 N. Y. 540, 30 N. E. 661, 15 L. R. A. 542 — the husband obtained a valid divorce against the wife in Illinois on the ground of desertion.  Yet it was held that she was entitled to dower in lands previously owned by him in this state; and this, regardless of the effect which such decree might have under the Illinois statutes.  The court cites with approval Wait v. Wait.  The wife's rights may be forfeited only as directed by our statutes—by a divorce granted for her adultery.  In People v. Faber, 92 N. Y. 146, 44 Am.

Rep. 357, Wait v. Wait is again cited with approval by Judge Rapallo.

On the other hand, the vice chancellor in 1836 expressed an opinion that a divorce in an action brought by the wife against her husband barred her claim to dower. The relationship of husband and wife is ended, and it is essential for dower that the marriage should subsist at the death of the husband. Day v. West, 2 Edw. Ch. 592. In Reynolds v. Reynolds, 24 Wend. 193, the court assumes that at common law a divorce for adultery a vinculo barred dower. In Charruand v. Charruand, 1 Luz. Leg. Obs. (Pa.) 134, it is said that where there is no marriage at the death of the husband, there is no dower, and that consequently a divorce for adultery in this state bars it independently of the statute. Much the same opinion is expressed in Moore v. Hegeman, 27 Hun, 68. Finally in Price v. Price, 124 N. Y. 589, 598, 27 N. E. 383, 12 L. R. A. 359, Judge Follett says that in the absence of a statute saving the right to dower, the dissolution a vinculo of a valid marriage, for the fault of either party, bars it. In this case a marriage had been annulled by judicial decree, upon the ground that when it was contracted the husband had a former wife living, who had absented herself for more than five successive years immediately preceding the second marriage without being known by him to be living. Both parties, however, entered into the marriage in entire good faith. Under the circumstances the court held that the marriage was not void from the beginning, but only voidable, and when judicially annulled void, only from the date of the judgment. Here was a marriage, therefore, valid between the parties down to the time when the decree was rendered, and yet it was held that the wife was not entitled to dower. The rule that the marriage must subsist at the death of the husband is applied by the Supreme Court of the United States (Barrett v. Failing, 111 U. S. 523, 4 Sup. Ct. 598, 28 L. Ed. 505), and in England (Frankton v. Stevens, L. R. 21 Ch. Div. 164), where much of the argument used in Wait v. Wait is answered. And see Bish. Mar., Div. & Sep. §§ 632–635; Scrib. Divorce, c. 19, "Dower"; 14 Cyc. 934. See, also, Real Property Law, Laws 1896, p. 587, c. 547, § 186. Upon this section an argument might be based, but it would not be in any way controlling. This being the condition of the authorities, there seems to be some doubt as to what position the Court of Appeals will take when the matter comes squarely before it.

There is this distinction, however, between the case at bar and those which have been cited. Those in favor of sustaining a right to dower speak of the injustice of depriving the wife of this interest when she has herself committed no fault. But when she has herself voluntarily put an end to the marriage relation for a cause in this state deemed inadequate, public policy will not be promoted by the allowance of such a claim as is made here. Under such circumstances she should not be heard to say either that the marriage exists for any purpose or that she has any interest, by way of dower or otherwise, in the property of her former husband. In the present case it might have been held that the plaintiff had released her right of dower by reason of a deed of the land in question to Willis Platt. In this deed

she joined with her husband. I prefer, however, to place my decision upon the ground that a woman who obtains in a foreign state a judgment of divorce a vinculo against her husband who is a resident of New York, upon a ground not sufficient to justify such a divorce in this state, cannot, after the death of such husband, claim dower in his real estate situated here.

Proper findings may be prepared, and, if not agreed upon, will be settled upon due notice.

Judgment accordingly.