EFFIE J. VAN BLARICUM, Respondent, *v.* GEORGIANA H. LARSON et al., Appellants, Impleaded with Others.

Husband and wife — divorce — when absolute divorce, obtained by a wife in another state, does not release her right to dower in her husband's property.

A divorce *a vinculo matrimonii* obtained by the wife in another state, although for a cause not recognized as ground for absolute divorce in this state, does not, in effect, release and bar her claim to

dower in property in this state owned by the husband during the marriage, although after-acquired lands are not subject thereto.

*Van Blaricum* v. *Larson,* 146 App. Div. 278, affirmed.

(Argued April 12, 1912; decided April 30, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 19, 1911, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the questions certified, are stated in the opinion.

*George P. Decker* for appellants.   Dower and the effect of divorce thereon is controlled by the jurisdiction where the land lies.   (*Barrett* v. *Failing,* 111 U. S. 523; *Van Cleaf* v. *Burns,* 133 N. Y. 542.)   A woman who could not have obtained in New York a divorce on the grievance held by plaintiff against Larson was not, under New York statutes, entitled to dower in New York lands, having procured a divorce *a vinculo* elsewhere on those grounds.   (*Voke* v. *Platt,* 48 Misc. Rep. 273; *Van Cleaf* v. *Burns,* 118 N. Y. 549; *Matter of Swales,* 68 App. Div. 509; 172 N. Y. 651; *Wait* v. *Wait,* 4 N. Y. 95; *Day* v. *West,* 2 Edw. Ch. 592; *Reynolds* v. *Reynolds,* 24 Wend. 193; *Price* v. *Price,* 124 N. Y. 599; *Moore* v. *Hegeman,* 27 Hun, 71; *Whitsell* v. *Mills,* 6 Porter, 229; *Matter of Morrison,* 52 Hun, 102.)

*William T. Plumb* for respondent.   A woman who has obtained a divorce is within the terms of the statute giving dower.   (*Wait* v. *Wait,* 4 N. Y. 95; *People* v. *Faber,* 92 N. Y. 146.)   The right to dower does not depend upon the continuance of the marriage relation. (*Matter of Ensign,* 103 N. Y. 284; *Van Cleaf* v. *Burns,* 118 N. Y. 549; 133 N. Y. 540.)   The dower given by the statute attaches to the land as a fixed and vested right as

soon as there is the concurrence of marriage and seizin. (*Lawrence* v. *Miller*, 2 N. Y. 245; *Wait* v. *Wait*, 4 N. Y. 95; *Kursheedt* v. *U. D. S. Inst.*, 118 N. Y. 358; *Matter of Ensign*, 37 Hun, 152; *Clifford* v. *Kampfe*, 147 N. Y. 383; *Mackenna* v. *Fidelity Trust Co.*, 184 N. Y. 411.) The plaintiff's right is not barred by the divorce decree in her favor. (*Matter of Ensign*, 103 N. Y. 286.)

GRAY, J. The plaintiff brought this action for the admeasurement of her dower in certain described lands. A demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was overruled at the Special Term and an interlocutory judgment, thereupon, entered, was affirmed by the Appellate Division. An application of the defendants to appeal to this court was granted and this question was certified for our review: " Does the complaint state facts sufficient to constitute a cause of action ? " The material allegations of the complaint, which are deemed to be admitted by the demurrer, show that the plaintiff was married, in November, 1874, in the state of Indiana to one Elias Larson; that in September, 1886, in an action brought in that state by her against said Larson, " a final judgment was duly rendered in favor of the plaintiff, dissolving said marriage upon the grounds of desertion, failure to support and drunkenness on the part of Larson; " that, in June, 1907, said Larson died intestate in the city of Rochester in this state; that letters of administration were granted to the defendant, Georgiana Larson, and that, during the time of her marriage with said Larson and before its dissolution, and thereafter until his death, he was seized of an estate of inheritance in, and was in possession of, certain real estate in said city of Rochester, which is described. The question, presented by this appeal, is whether a divorce *a vinculo matrimonii*, which this plaintiff obtained in the state of Indiana, barred her right to claim dower in land within

this state of her former husband, owned by him during the marriage. The fact that the marriage of the plaintiff with Larson was dissolved stands admitted; but it is contended that dower, and the effect thereon of divorce, being questions to be determined within that jurisdiction in which the real estate is situate, the judgment of the Indiana court, in dissolving the marriage contract, proceeded upon grounds not recognized by the statutes of this state, and that she had, in effect, released, or forfeited, her dower right. That is to say, as the misconduct of her husband, upon which the plaintiff's divorce was based, was not such as would in this state warrant the dissolution of marriage, the result was that, while she ceased to be his wife, she had, by her voluntary act, in effect, lost her right to claim dower in his lands upon his death. I think the question has been correctly decided below and that the appellants' argument rests upon an erroneous application of the provisions of our statutes relating to dower.

The basis of the right to dower, which our statute confers upon the wife, is in the common law of England, as given and regulated by English statutes. Those in force at the time of the adoption of our first Constitution, in 1777, were re-enacted in various revisions of our laws; until their substance was embodied in the Revised Statutes, in 1829. The statutory provisions upon the subject of dower are now contained in article VI of the Real Property Law, (Ch. 50, Consolidated Laws), and, so far as pertinent to this case, remained unchanged. The statute provided that "a widow shall be endowed with the third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage." (1 R. S. 740, sec. 1; Real Prop. Law, sec. 190.) That the woman need not be a widow to be endowed of her husband's lands was early decided, in the case of *Wait* v. *Wait*, (4 N. Y. 95); where it was held that the term "widow" was comprehensively employed by the Legisla-

ture to designate the person entitled to dower. The wife, in that case, had obtained a divorce for the husband's adultery and her right to dower in lands left by him was sustained. The right to dower is not dependent upon the woman being the wife at the time of the husband's decease (See *People* v. *Faber,* 92 N. Y. 146.) The statute of dower provided for her disendowment as follows: "In case of a divorce, dissolving the marriage contract for the misconduct of the wife, she shall not be endowed." (1 R. S. 741, sec. 8; Real Prop. Law, sec. 196.) The provision is significant. The wife's title, or right, of dower in lands, which is the creation of the statute and which becomes inchoate upon marriage and seizin in the husband, the statute deprives her of, only, when the marriage contract has been dissolved for her misconduct. Impliedly, therefore, she cannot be deprived of it, involuntarily, except it is forfeited under those conditions. It was observed by Judge Finch, in *Matter of Ensign,* (103 N. Y. 284, 288), that the existing right of dower "remains, because it has already accrued, has not been forfeited by guilt, and does not depend upon the continuance of the marriage relation, but independent of that continuance becomes consummate by the death of him who was the husband when it sprang into being." The statutory provisions forbid deprivation of the right of dower by implication and, in that way, only, could this plaintiff's judgment divorcing her be construed as her release of the right, or as a forfeiture of it. (See *Wait* v. *Wait, supra.*)

The provisions of the Code of Civil Procedure regulating matrimonial actions, (sections 1759, 1760), though relating to actions in the courts of this state, evidence the policy of the law, with respect to the effect of the dissolution of a marriage upon the inchoate right of dower. Section 1759 provides, when the action is brought by the wife, that, "where final judgment is rendered dissolving the marriage, the plaintiff's inchoate right of dower, * * * is not affected by the judgment." Section 1760

provides, when the action is brought by the husband, that, "where judgment is rendered dissolving the marriage, the defendant is not entitled to dower," etc. These provisions give practical effect to the statute of dower, by preserving the wife's inchoate right, upon a divorce *a vinculo,* unless decreed at the suit of her husband. That the marriage of this plaintiff with Larson was validly dissolved for his misconduct by the Indiana court is admitted by the pleading. Her right to dower in lands here, of course, is a matter to be determined by the courts of this jurisdiction; but she brings herself within the protection of our statutes, which forfeit her right, only, where her misconduct, that is her adultery, has been the cause of the dissolution of the marriage. Her existing right of dower, already vested, was not forfeited; although the relation of husband and wife was destroyed by the Indiana judgment. In *Van Cleaf* v. *Burns,* (118 N.Y. 549, 133 id. 540), the husband obtained an absolute divorce from his wife, in Illinois, on the ground of her desertion; but we held that her right of dower in real estate here had not been affected thereby. In *Starbuck* v. *Starbuck,* (173 N. Y. 503), where the wife had procured a judgment of divorce within the state of Massachusetts, upon the ground of her husband's cruelty, her action, brought in this state to recover dower, as his widow, was defeated; inasmuch as, having invoked and submitted to the jurisdiction of the Massachusetts court, she was bound by its decree in its effect upon the marriage relation. As it was held that the effect of the decree was to bar the wife's dower as to the real estate which was *acquired by her former husband after the decree,* the decision has its significant bearing upon this case.

The decree dissolving the plaintiff's marriage relation with her husband was prospective in its operation. Up to the time of its rendition, her vested right in the lands possessed and acquired by her husband during the mar-

riage had not been released, nor forfeited; but, the marriage relation no longer subsisting, lands thereafter acquired by him would not be subject to claim of dower by her. As to the lands acquired while the marriage existed, her inchoate title became consummate upon his death.

For these reasons, I advise that the judgment be affirmed and that the question certified to this court be answered in the affirmative.

CULLEN, Ch. J., WERNER, HISCOCK, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., absent.

Judgment affirmed, with costs.