MONROE COUNTY SAVINGS BANK, Plaintiff, *v.* CHARLES M. YEOMAN and Others, Defendants.

Supreme Court, Monroe County, August, 1922.

**Dower — wife who obtains foreign divorce on grounds not recognized in New York state is not entitled to dower.**

Where a wife who was married in the state of New York and continued to live there with her husband until she left the state, secures a divorce in another state for an alleged reason that would not have availed her here, without acquiring jurisdiction over him under the laws of this state, she forfeits dower in lands acquired by him before such decree of divorce was rendered and of which he died seized.

MOTION on behalf of Agnes Yeoman Roediger for an order directing the treasurer of the county of Monroe to pay over to her a gross sum as the value of her dower interest in the surplus moneys arising upon the sale under a decree of foreclosure of a mortgage in the above-entitled action.

*Thomas R. Toan*, for applicant.

*Edwin C. Redfern*, in person, as general guardian of Louis Yeoman, an infant, and as administrator of the estate of Charles M. Yeoman, deceased.

*Joseph F. Lavien*, in person, as general guardian of Leola Yeoman, an infant.

STEPHENS, J. In the early part of the year 1910 certain premises owned by Charles M. Yeoman were sold under a decree in the action above entitled, brought to foreclose a mortgage. One-third of the surplus arising upon the sale was retained by the treasurer of Monroe county to secure the inchoate right of dower of his wife, Agnes Yeoman. The interest thereon was paid to the

husband. On May 8, 1922, the said Charles M. Yeoman died, intestate. The said named Agnes Yeoman and two infant children, Louis and Leola Yeoman, survived him. Edwin C. Redfern was thereafter appointed administrator of his estate and general guardian of the infant Louis and Joseph La Vien was appointed general guardian of the infant Leola.

The matrimonial domicile of said Charles M. and Agnes Yeoman was in the state of New York and the former continued to reside in the city of Rochester until his death.

The facts upon which this application is founded are supplied by the petition of Agnes Yeoman Roediger and by a stipulation entered into by all the parties in interest or those representing them.

After the death of Charles M. Yeoman the applicant here executed her consent to receive a gross sum payable from the moneys in the custody of the county treasurer, and this application is made to have the value of the dower ascertained and the amount thereof paid.

The applicant has apparently followed the approved practice in situations of this kind as indicated in *Gucker* v. *Kopp*, 169 App. Div. 922.

It has been made to appear that on or about May 14, 1912, the said Agnes Yeoman, then the wife of Charles M. Yeoman, procured a decree of divorce in the Court of Common Pleas, Cuyahoga county, O., in an action brought against her said husband upon the ground of his alleged cruelty and neglect; that the defendant was not personally served with process but only by publication and he did not appear in the action; thereafter and sometime in the year 1919 the said Agnes Yeoman married one John M. Roediger.

The sole question to be determined upon this motion is whether or not the applicant has forfeited her dower by reason of the decree of divorce and her subsequent marriage.

This precise question has never been authoritatively passed upon by any appellate court in the state so far as I have been advised or my researches have disclosed.

In *Wait* v. *Wait*, 4 N. Y. 95, it was stated substantially that a decree of divorce in this state is prospective in its operation and has no other effect upon the marriage relation than such as is declared by statute. The right, however, of the divorced wife to dower in that case was challenged because of a decree of divorce in an action brought by her, founded upon the adultery of the husband. The right was sustained though at that time the provision now contained in section 1156 of the Civil Practice Act expressly preserving the dower of a wife in such circumstance had not been enacted.

In *Pitts* v. *Pitts*, 52 N. Y. 593, it was held that the wife's dower was not forfeited by a decree in an action brought by her husband on the ground of her adultery where a divorce was denied because the wife's misconduct had been condoned; nor was the right to dower lost where a decree establishing the guilt of the wife was denied because the plaintiff husband, too, had been faithless. *Schiffer* v. *Pruden*, 64 N. Y. 47.

*Van Cleaf* v. *Burns*, 118 N. Y. 549, was an action brought by the wife to recover dower. The wife's right was contested on the ground that the husband had brought an action against her in another state in which she appeared and a decree of divorce was granted upon a ground not recognized in this state as sufficient cause for the dissolution of the marriage. It was held that in the absence of proof of the laws of the state where the decree was obtained relating to dower it was not barred. Upon a new trial of the action the wife was successful though it then appeared that she was not entitled to dower in the state where the decree was rendered. *Van Cleaf* v. *Burns*, 133 N. Y. 540. It was held that the laws of the state of New York control and that the "misconduct" referred to in our statute that deprives a wife of her dower means adultery only and that her misconduct thus interpreted must be established by a judgment or decree. *Schiffer* v. *Pruden, supra; Bryon* v. *Bryon*, 134 App. Div. 320.

In *Starbuck* v. *Starbuck*, 173 N. Y. 503, it was held that the wife after having procured a decree of divorce from her husband in the state of Massachusetts was not entitled to dower in lands acquired by her husband in the state of New York after the decree was obtained.

*Van Blaricum* v. *Larson*, 205 N. Y. 355, is the chief reliance of the applicant in support of this motion. It can be distinguished in its facts from those now under scrutiny only in the circumstance that the foreign decree in that case was rendered in the state where the marriage contract was entered into and where the matrimonial domicile continued until the decree which affected both parties equally was granted.

In the case now under consideration our inquiry is whether a wife who has left the state of New York where she was married and had continued to live with her husband until her departure, secured a divorce in another state for an alleged reason that would not have availed her here, without acquiring jurisdiction over the defendant under the laws of this state and afterward remarried, has by her conduct been disendowed in the lands acquired by her husband before the decree of divorce was rendered and of which he died seized.

We have for the background of our inquiry the settled doctrines that a widow shall be endowed of a one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, and that as a punishment for wrong-doing she shall not be endowed in case of a divorce dissolving the marriage contract for her misconduct (Real Prop. Law, §§ 190, 196; *Matter of Ensign,* 103 N. Y. 284); that the misconduct of the wife referred to is her adultery; that her right is unaffected by a decree of divorce for her husband's adultery; that the right of dower in lands in the state of New York is to be determined by the laws of this state; that the inchoate right of dower is a vested right; that the widow is not entitled to dower of any land acquired by her deceased husband subsequent to a decree of divorce.

The provisions of our statutes relating to dower and the effect of a decree of divorce upon it are limited in their application to divorces granted pursuant to the statutes, and to those granted in other jurisdictions whose validity is recognized here. There is no express statutory declaration of the effect of a divorce procured in another state in the fashion adopted by the applicant. The statutes, in terms, neither bar the dower in such case nor preserve it. The condition created by the decree was not in the mind of the lawmakers. The statute declares, however, that the widow shall be endowed. This implies the existence of a marital relation, complete or partial, at the time of the husband's death. This relation is utterly destroyed by a valid decree of divorce except that when granted because of the guilt of the husband there is a *residuum* sufficient to support the wife's right of dower and of maintenance, and her status as a widow if she survive her husband.

The marriage contract upon which the applicant predicates this motion was completely dissolved as to her. *Matter of Swales,* 60 App. Div. 599; affd., 172 N. Y. 651. Since her husband had done no wrong there was no *residuum* of marital rights or obligations. Being no longer a wife she had no capacity of becoming a widow. This is not hostile to the principle in *Wait* v. *Wait, supra,* where the court was speaking of the effect of a divorce in this state for the husband's misconduct and enunciated a doctrine that has since been incorporated into the statutes, though it is not in fullest harmony with some expressions in *Matter of Ensign, supra,* which were not necessary, I think, to the decision of the question there presented.

No point is made of the fact that the applicant has remarried although this circumstance seems to have been considered by the Appellate Division in *Van Blaricum* v. *Larson, supra,* but in *Starbuck* v. *Starbuck, supra,* it was said in that case to be immaterial; nor

is it pertinent that Mr. Yeoman had commenced an action for divorce.

I conclude that the applicant's vested right of dower was divested when by a process alien to our procedure she procured the marriage to be dissolved completely as to her without any fault on the part of her spouse, by resorting to a foreign tribunal for relief that could not be had in a judicial forum in the state of the matrimonial domicile.

The result I have reached is not entirely destitute of the sanction of precedent. In *Voke* v. *Platt*, 48 Misc. Rep. 273, a similar condition was present and Mr. Justice Andrews, at Special Term, denied dower to the wife. Although this might have been done for another reason he preferred to place his decision upon the ground " that a woman who obtains in a foreign State a judgment of divorce *a vinculo* against her husband, who is a resident of New York, upon a ground not sufficient to justify such a divorce in this state cannot, after the death of such husband, claim dower in his real estate situated here." The case of *Van Blaricum* v. *Larson, supra*, decided afterward, did not disturb the sanity of this reasoning for the marriage there had been " validly dissolved " for the husband's misconduct by the Indiana court. In the *Voke* case and in the instant one the marriage had not been validly dissolved. If this seems to prove too much and lead to a hasty judgment that the marriage was still in force at the time of Mr. Yeoman's death, reference to *Matter of Swales, supra*, and other cases cited will dispel the illusion.

The motion is denied.

Ordered accordingly.