FLORA BROWN, Plaintiff, *v.* JOHN J. O'BARN and Others, Defendants.

Supreme Court, Kings County, April, 1923.

**Dower — foreign decree of divorce in favor of wife — remarriage — no loss of dower — will — provision in lieu of dower — election by widow to ask dower.**

Prior to 1913 the plaintiff had lived with her parents in the state of Indiana, but after her marriage in that year she resided with her husband in Brooklyn, N. Y., until 1916, when she left him under circumstances which if proved might have entitled her to a decree in an action for separation brought in the state of New York. She returned to her former home and in 1918 procured in Indiana a decree of divorce on the ground of cruel and inhuman treatment and within a year again married in Indiana. The husband from whom she had been divorced died in 1920 and devised real property, in which he and plaintiff had resided until their separation, to an infant daughter, his only descendant. He also mentioned plaintiff in his will, leaving her ten dollars in lieu of dower, with proviso that if she contested the will the ten dollars was to revert to the residue of his estate. *Held*, that in an action to admeasure dower a defense

under sections 200 and 201 of the Real Property Law, so far as based on the marital relation, was not well taken; that in the circumstances the Indiana decree and plaintiff's remarriage had no effect whatever on plaintiff's claim to dower.

Objections filed by plaintiff to the probate of the will though subsequently withdrawn constituted a statement of her attitude sufficient to imply a rejection of the provision in lieu of dower.

In view of the fact that the provision in lieu of dower was a condition *in terrorem*, that it was withdrawn if the will was contested and that it was neither substantial nor an honest provision between which and dower there was an actual choice, the plaintiff was entitled to recover and judgment will be granted in her favor.

ACTION to admeasure dower.

*Hanley & Fruin,* for plaintiff.

*Ogren & Severy,* for defendant Josephine LeRoy.

VAN SICLEN, J.   The plaintiff brings this action for the admeasurement of dower in certain lands of which her husband, Alexander A. LeRoy, died seized.   The plaintiff previous to 1913 made her home in the state of Indiana, and in that year she married the decedent, Alexander A. LeRoy, and resided with him in Brooklyn in the property in question from that time until 1916 when she left him under circumstances which if proved in an action for separation brought in this state might have entitled her to a decree of separation.   She returned to her parents at her former home and in 1918 she procured in Indiana a decree of divorce from her husband on the ground of cruel and inhuman treatment. Within the same year and after this decree, the plaintiff remarried in Indiana.   Alexander LeRoy died December 18, 1920, leaving the defendant, Josephine LeRoy, an infant eighteen years of age, as his only descendant.

The decedent left a will wherein he devised the property in question to his said daughter and he also mentioned the plaintiff in said will, leaving her ten dollars in lieu of dower and to be forfeited in case of contest.   The plaintiff filed objections to the will but never litigated them and later withdrew them, so that the will was admitted to probate on February 16, 1921.

This action was commenced in 1921 and service was effected on all the parties.   The infant defendant was served December 18, 1921, and her guardian December twenty-third.   The other defendants were served before that.   Defense is interposed on behalf of the infant defendant, invoking sections 200 and 201 of the Real Property Law as a statute of limitation and thus an inconsistent attitude is asserted as to the Indiana divorce, claiming on the one hand that the same was ineffectual and of no force in

this state because procured on grounds not recognized in this state and without personal service of process therein on the defendant within the state of Indiana. Then claim is made that the plaintiff has forfeited her rights by remarrying subsequent to the Indiana decree.

The defense, so far as based on the marital relation, is not well taken. The only matrimonial decree that could affect plaintiff's right to dower would be one granted against her on account of her wrongful conduct, and that is not this case. Such proofs as are offered on the subject here justify the plaintiff's conduct and put the decedent in the wrong. It can be taken as established also that plaintiff's motives in going to Indiana were above question. That had been her actual and legal residence before marriage, as well as ever since she found it necessary to leave the defendant in 1916. So that under the circumstances here disclosed the Indiana decree and remarriage have no effect whatsoever on plaintiff's claim to dower. *Van Blaricum* v. *Larson*, 205 N. Y. 355; *Bell* v. *Little*, 204 App. Div. 235.

Sections 200 and 201 of the Real Property Law provide as follows:

" § 200. Election between devise and dower. If real property is devised to a woman, or a pecuniary or other provision is made for her by will in lieu of her dower, she must make her election whether she will take the property so devised, or the provision so made, or be endowed of the lands of her husband; but she is not entitled to both.

" § 201. When deemed to have elected. Where a woman is entitled to an election, as prescribed in either of the last two sections, she is deemed to have elected to take the jointure, devise or pecuniary provision, unless within one year after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for her dower."

The provision in the will is as follows: " I hereby bequeath to Florence Ruth LeRoy, my wife, the sum of Ten ($10.00) Dollars. If she contests this will the same to revert to the residue of my Estate. This is in view of the treatment she has accorded me in deserting me in 1915. This is in lieu of her right to dower in my estate."

The infant defendant's claim is that these statutes and this provision required the plaintiff to elect or commence her action within one year, and not having elected, it was incumbent upon her to have her action commenced before December 19, 1921, which was the expiration of one year after the decedent's death. The plaintiff claims that before she can be required to elect, there

must be a substantial provision in the will in lieu of dower, and that this provision is not substantial but merely nominal and captious and obviously not intended to meet the purport of the statute.  That it is unsubstantial and captious may be conceded. In the manner in which it is phrased, it is not absolute, for it is withdrawn if the will was contested and the withdrawal provision precedes the provision that it was in lieu of dower.  The plaintiff did contest the will so that if the second sentence is to be enforced strictly, it had effectually wiped out the bequest before it could be applied for and in lieu of dower.  It would seem furthermore that the statute contemplates a pecuniary provision which in some measure, at least, was commensurate or comparable with the probable amount of the dower when admeasured.  The purpose of the statute seems to be to prevent title being tied up by dower and preventing the elimination of dower on the one hand and affording a practical way of bringing about a decision.  It does not seem that the statute, whose purpose is concededly beneficent, should be so enforced as to constitute a trick or device, although it would not be the first time that a beneficent statute has been successfully invoked to accomplish an ulterior and unjust result. Service was admittedly effected within the year on the defendants, executor and occupants of the land, and these three were unquestionably necessary defendants.  Of course, the only defendant pecuniarily affected by the plaintiff's action is the infant defendant. If plaintiff recovers it diminishes the defendant's devise or *vice versa.*

Although it has not been mentioned by the parties hereto, it would seem that the filing of objections to the will on the part of the plaintiff constituted a statement of her attitude sufficient to imply a rejection of the provision in question.  In effect her objection challenged the validity of the will itself.  It rejected all its provisions, those in question as well as the others.  In view of the fact, therefore, that the provision in lieu of dower appears to be a condition *in terrorem* (*Matter of Marshall,* 119 Misc. Rep. 407), that it was withdrawn if the will was contested, and that it is not a substantial or honest provision, between which and the dower there was an actual choice, this court is inclined to hold that the plaintiff is entitled to recover.  Judgment will be granted accordingly.

Judgment accordingly.