Carmine A. Ventiera, J.
The defendant herein has previously been committed to jail upon arrears of support amounting to $6,930 under a judgment of separation granted March 24, 1966. Upon application to the court, the defendant was released from jail upon condition that he pay $5,000, which sum was paid, and the balance of the fine at the rate of $10 a week in addition to modified current support payments of $40 a week.
*581 On February 18, 1969 the plaintiff obtained a judgment of divorce against the defendant based upon the parties having lived separate and apart for more than two years pursuant to the separation decree (Domestic Relations Law, § 170, subd. [5]). The judgment of divorce, in consonance with the decree of separation as modified, repeated and incorporated the terms of support, custody and visitation which were part of the modified separation judgment.
In March, 1969, the plaintiff applied ex parte for an order to recommit the defendant to jail upon an alleged failure to make payments under the conditions of his release. By a memorandum dated March 19, 1969, this court denied the application with a direction to the plaintiff that an order be submitted on notice to the defendant. Such an order has now been submitted, and the defendant has submitted an affidavit in opposition.
The defendant’s affidavit contends that payments have now been made, sufficient to comply with the conditions of his release. Defendant contends further that, as a matter of law, the final judgment of divorce “ annuls the separation judgment and all subsequent proceedings predicated thereon including the contempt order.”
The case of Lynn v. Lynn (302 N. Y. 193) cited by the defendant, does not support his contention as to the law. To the contrary, the court said therein at pages 200-201: 11 The ‘ divisible divorce ’, * * * has become a recognized concept; it is now familiar law that a divorce decree may be completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage [cases cited!].”
The court said further at page 203: ‘ ‘ The underlying rationale is that the divorce judgment breaks the marriage tie and thereby 1 cuts off and forbids in the future ’ any rights or obligations having their root in the marriage relation (Matter of Ensign, 103 N. Y. 284, 289).” (Emphasis added.)
In the case of Estin v. Estin (296 N. Y. 308) the Court of Appeals, citing Livingston v. Livingston (173 N. Y. 377), said at page 314: “ we held thát alimony unconditionally and finally owing to a wife under a matrimonial decree is a vested property right of which she may not be deprived even by way of an act of the Legislature ”.
In the case of Joffe v. Spector (27 A D 2d 406) the Appellate Division said, at pages 408-409: “ The effect of the law is to write a reservation of jurisdiction into every matrimonial judgment. "While the judgment terminates the relation of husband *582 and wife (status), it does not put an end to the legal and economic incidents of the marriage. ’ ’
As early as the year 1890, in the case of Van Cleaf v. Burns (118 N. Y. 549, 552-553) the Court of Appeals said: “ A marriage contract may be dissolved and an absolute divorce * *. * granted $ * * . Such a judgment operates from the date of the decree * * * . It has no retroactive effect except as expressly provided by statute.” (Emphasis added.)
In 1897, the Appellate Division, in the case of Tonjes v. Tonjes (14 App. Div. 542) said at page 544: “Under the decisions, however, it is clear that the sum which is awarded as alimony does not exist as a debt in favor of the wife against the husband in the sense of indebtedness as generally understood; it is founded upon the marital obligation of the husband to maintain and support the wife and children ’ \
At pages 545-546: “ If the husband, while subject to this decree of separation, should obtain an absolute divorce, * * * it would then be clear that he would be discharged from the marital obligation of maintenance and support. If the decree of separation was final in this regard, then no power would exist in a court of equity to relieve the husband from its obligation. It would be a monstrous perversion of justice to say that the husband was bound by a decree resting upon the obligation to maintain and support, when by his judgment such obligation was swept away. Equity permits of no such result. * * * The right, however, in case of absolute divorce, to apply for modification of the decree awarding alimony is now secured by statute. (Code Civ. Pro. Sec. 1771.) ”
The principle is again stated in Mackay v. Mackay (279 App. Div. 350, 353) wherein the Appellate Division said: “ Payment of alimony in [an] action for a separation proceeds upon a different theory than provisions for alimony in cases for absolute divorce. Alimony in the latter case is a substitute for the rights of the innocent wife which the absolute divorce cuts off and forbids in the future [cases cited].”
Had a money judgment been recorded on the arrears, that such a money judgment would not abate because of the subsequent divorce hardly needs discussion. However, although there is a paucity of reported cases dealing specifically with the question of contempt on arrears of payments under a separation decree after a judgment of divorce, in the case of Richards v. Richards (87 Misc. 134, 136) although dealing with the effect of a foreign divorce, the court said: “in view of the fact that * * * he is in contempt * * * for non-payment of alimony up to the time of the entry of the final decree in the Massa *583 chusetts court, even if said decree is held to supersede the New York decree for separation, and consequently he is in no position to ask for affirmative relief.”
Looking to other jurisdictions we find a statement in American Law Reports, Annotated (166 A. L. R. 1021): “ Rights as to amounts in arrears. * * * it would ordinarily he considered that, notwithstanding the total divorce, the ex-husband would remain liable to the ex-wife for amounts of alimony or support which had accrued under the prior judgment or order before the rendition of the divorce decree " * * the order or judgment in the separation * * * would remain enforceable in the same manner as alimony or support orders generally may he enforced.” This view is amply borne out in the case of Bloedorn v. Bloedorn (76 F. 2d 812, cert. den. 295 U. S. 746) wherein the U. S. Court of Appeals stated at page 814: “ But she contends that the Virginia decree cannot operate of its own force to extinguish her prior decree for maintenance, and that the decree here giving it that effect in respect to the alimony then past due was erroneous. * * * and as it is settled in this jurisdiction that vacation or modification of alimony operates only in future, the husband was not entitled to be relieved of any installments thereof due at the time of filing his answer. [Cases cited.] * 5 * Since the decree for maintenance proceeded by consent of parties in a competent court, it is both a contract and a judgment, open neither to direct appeal nor collateral attack, except in the court where it was made upon a proper showing of changed conditions. [Cases cited].”
In the instant situation, the divorce judgment was obtained uncontested. Manifestly, there was at that time no application for modification of the separation judgment before the court, and the record does not indicate any such application.
Yet another aspect here presents itself. The award under the prior separation judgment was for support of both the wife and an infant child. It is so well settled that a divorce decree cannot serve to extinguish the rights of a child as to hardly warrant extensive discussion.
In the case of Bloedorn v. Bloedorn (supra, p. 815) the court stated: “ Yet this consent decree is continuing by nature * * * and it is not to be extinguished by the decree of the Virginia court operating of its own force, or modified hv the Supreme Court of the District of Columbia, except upon a showing which clearly takes into consideration all the rights of the child * * * and where she may be heard by a guardian ad litem. For while the Virginia decree may dissolve the relation *584 of husband and wife, it cannot terminate the relation of parent and child
Accordingly, the court is of the opinion that the judgment of divorce, did not serve to wipe out the arrears under the separation judgment, or proceedings predicated thereon.
However, upon the conflicting affidavits of the parties, the court will not grant an order of commitment at this time, without a hearing, and the application for an order of commitment is denied without prejudice.