WILLIAM WEISER, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF WILLIAM T. FITZPATRICK, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90911. Promulgated May 26, 1939.

*Rush L. Holland, Esq.,* and *Dan H. Hughes, Esq.,* for the petitioner.
*B. D. Daniels, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: A deficiency of $1,527.56 in estate tax was determined by respondent and is here in controversy. Error is alleged in the refusal of respondent to allow a claim of Eva M. Fitzpatrick in the sum of $41,350 as a debt against the estate of decedent. The facts were stipulated and, so far as necessary to our consideration, are as follows:

William T. Fitzpatrick, now deceased, and Eva M. Fitzpatrick were husband and wife. Two children were born as the issue of said marriage, Elizabeth Blanche Fitzpatrick and Katherine Eva Fitzpatrick.

Marital difficulties arose between the parties and separation ensued. A separation agreement was drawn which provided, among other things, that William T. Fitzpatrick should pay to Eva M. Fitzpatrick the sum of $300 per month until the youngest of said children reached majority, then $150 a month until the death or remarriage of Eva M. Fitzpatrick.

The agreement recited as follows:

* * * That the said William T. Fitzpatrick in the consideration of the fact that his wife will no longer live and cohabit with him as his wife, and in consideration of the premises of his duty to make some provision for the sustenance and maintenance of his said wife and children in the future and for the purpose of settling all present and future property rights between himself and his said wife, hereby covenants and agrees * * *.

Subsequent to the execution of the agreement, final decree of divorce was entered dissolving the bonds of matrimony theretofore existing between the said parties. Thereafter, William T. Fitzpatrick remarried.

Fitzpatrick died August 14, 1933, leaving a last will and testament. He left his second wife, Ethel Fitzpatrick, as his widow.

In the administration of the estate in the County Court of Mesa County, Colorado, a claim was filed and allowed against the executor, based upon the contract or separation agreement referred to, which court ordered immediate payment to Eva M. Fitzpatrick from the moneys of said estate the sum of $13,350 at the rate of $150 per month as guardian for the two minor children; and $28,000 to her as her individual claim against the estate. This made the total sum of $41,350, which was allowed as a claim against the estate. Twenty-two thousand one hundred eighty-three dollars and thirty-five cents of the moneys due Mrs. Fitzpatrick individually, and $2,150 of the moneys due the two minors, has been paid. The balance due the minors is being paid at the rate of $150 per month.

Respondent denied petitioner's claim for a deduction of the sums so determined on the ground that it had not been shown the obligation was incurred for a full and adequate consideration in money or money's worth in accordance with section 303 (a) (1) (C) of the Revenue Act of 1926, as amended by section 805 of the Revenue Act of 1932, and section 303 (d) of the Revenue Act of 1926, as amended by section 804 of the Revenue Act of 1932.[1]

Petitioner contends that the case is not ruled by section 303 (d) as amended by section 804, because neither dower nor curtesy is recog-

---

[1] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
(1) Such amounts—

*      *      *      *      *      *      *

(C) for claims against the estate,
as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered * * *. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. * * *

SEC. 303. (d) * * * For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

nized in Colorado, and in Colorado neither spouse has any interest in the property of the other prior to the death of the one spouse.

Petitioner also argues that "in construing the statute we must bear in mind that statutes of this nature must be construed, if possible, in favor of the taxpayer." Here petitioner is in error. He is claiming a deduction. To obtain a deduction a taxpayer must show that he comes clearly within the terms of the statute allowing it. *Empire Trust Co.* v. *Commissioner*, 94 Fed. (2d) 307, affirming 35 B. T. A. 866.

Congress has by successive amendments progressively narrowed the scope of the exception to the rule of inclusion of property in the gross estate from "fair" consideration to "adequate and full" in the 1926 Act and then by section 804 of the 1932 Act, which excludes from the category of consideration "in money or money's worth" any relinquishment of dower or other marital rights in decedent's property or estate. By the terms of the separation agreement the parties recognized mutual rights and obligations and set about "settling all present and future property rights between himself and his said wife." In the face of this positive recognition by and expressed purpose of the parties, we are unable to attach any weight in this tax controversy to the fact that the law of Colorado does not provide for dower or curtesy. Whatever may be the rule as to dower or curtesy, certain it is that in the normal incidence of human relations, questions of property rights would arise out of the marital status in Colorado as elsewhere. Such rights are real and vital to the parties. They are broader than the rights of dower and curtesy and need not be dependent on statute. They were recognized by the court in making the allowance. Nevertheless they are "marital rights" in the property of the parties.

Such being the situation, we are of the opinion that, so far as concerns the sum of $28,000 allowed to the wife in her individual capacity, this case is ruled by section 303 (d) of the Revenue Act of 1926 as amended by section 804 of the Revenue Act of 1932, and that respondent must be sustained. See *Estate of Eben B. Phillips*, 36 B. T. A. 752; *Sheets* v. *Commissioner*, 95 Fed. (2d) 727, affirming 35 B. T. A. 220; *Empire Trust Co.* v. *Commissioner, supra*.

As to the item of $13,350 allowed for support of the children, the situation differs. The obligation underlying this sum was contracted bona fide and for a full and adequate consideration in money or money's worth, i. e., the support of the children during minority. This consideration does not fall within the compass of section 303 (d) as amended by section 804. It is a valid claim against the estate and the deduction of this item is allowed. *Estate of Eben B. Phillips, supra*.

*Decision will be entered under Rule 50.*