## MEYER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 157.

Circuit Court of Appeals, Second Circuit.

March 18, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1103, 84 L.Ed. ——.

Henry M. Stevenson, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Newton K. Fox, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The deficiency which the Board of Tax Appeals redetermined and which the petitioner is seeking to have set aside was brought about by disallowing two items as deductions from the gross estate of the decedent. One was the amount of the arrears, due at his death, to a former wife under a separation agreement; and the second

was the commuted value of additional payments due her under the agreement during the remainder of her life.

It is clear and undisputed that both sums were debts owing because the decedent had promised to pay and decision must turn upon whether they were claims against the estate which were contracted for an adequate and full consideration in money or money's worth so as to fulfill the condition upon deductibility imposed by § 805 of the Revenue Act of 1932 as limited by § 804 of the same Act, 26 U.S.C.A. Int.Rev.Code, § 812(b). For present purposes the effect of the two named sections is made clear by saying that the limitation of § 804 is that "a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth' ".

In 1922, the decedent, Arthur G. Meyer, and his then wife, Ida M. Meyer, were residents of New York. They executed a separation agreement under which he became bound to transfer certain property to her and he and his estate were bound to make future yearly payments to her during her lifetime upon stated contingencies in consideration of her release of all her dower rights and of her right to support and maintenance from him. Ida M. Meyer later obtained a divorce from the decedent which became absolute in January 1926. He later married Margaret W. Meyer, who represents his estate as executrix in these proceedings.

■ There is no proof that the decedent, though a man of substantial means, owned any real estate in which his wife Ida M. could have had a dower interest except two lots of comparatively little value. The petitioner offered to prove that after the divorce he acquired more real estate but that was excluded and properly so for after Ida M. ceased to be decedent's wife the kind and amount of his property bore in no way upon what her dower or other marital rights may have been while she was married to the decedent. Van Blaricum v. Larson, 205 N.Y. 355, 98 N.E. 488, 41 L.R.A., N.S., 219, Ann.Cas.1913E, 553.

■ A point has been argued for the petitioner that should be considered briefly in order to put it to one side before the merits of the petition are taken up. It is that there are constitutional reasons why these statutes are invalid if they should be held to preclude the taking of the deductions claimed. Such a contention can be made only when there is a failure to distinguish between the right to measure such a transmission tax as the federal estate tax by the value of the property which death causes to be transmitted and the partial relinquishment of that right by allowing certain deductions to be made from that value before the tax is computed. It is not essential to the validity of an estate tax that all claims which may be enforced against the property should be deducted before making the calculation. Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346; Empire Trust Co. v. Commissioner, 4 Cir., 94 F.2d 307.

■■ So Congress, having the power to determine whether to allow certain claims to be deducted before arriving at the base amount on which the tax is to be computed may exercise that power or not and if it does exercise it may do so with whatever uniform restrictions it cares to impose. Whether or not such deductions are allowed, no property not transmitted at death is included in the estate. Compare, Porter v. Commissioner, 2 Cir., 60 F.2d 673; Sheets v. Commissioner, 8 Cir., 95 F.2d 727. A taxpayer has no right in respect to this sort of a deduction except to be treated as others are in like situation. There is no constitutional right to be preserved when such a deduction is allowed or to be denied when it is not. All is within the discretion of Congress and the controlling factor is what the statute requires. Sec. 804 of the 1932 Act makes it abundantly clear that a relinquishment, or promised relinquishment, of dower, shall not in this connection be considered to any extent the kind of consideration necessary for a claim to make it deductible. In so far as that was the consideration the deduction was properly denied.

■ That part of the consideration which was the giving up by the wife of her right to support is also fairly within the phrase "other marital rights in the decedent's property or estate" though not of the same nature as dower. Nor need it be. We are only concerned with enforcing restrictions upon deductions which Congress has declared. The right of the wife to support and maintenance from her husband is what she gave up in addition to her relin-

quishment of dower. Let that right be whatever it may have then been under New York law. It was whatever right to support and maintenance her marital status gave her. But for her marital status she had nothing to relinquish in that respect. In that sense it was a marital right and both the language and the spirit of § 804 includes it whether it was but a personal obligation of the husband during the marriage or in some way amplified by statute to be a charge upon his property. In any event, the petitioner has failed to show a statutory right to the deductions and so failed to show cause for reversal. White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L. Ed. 1348.

Affirmed.

L. HAND, Circuit Judge (dissenting).

The only question before us is whether the consideration of his first wife's claim for alimony was the surrender of any "marital rights in the decedent's property or estate". Laying aside the dower which was trifling, what she gave up was her right to support by him during their joint lives; because, although his promise did indeed extend beyond his death, that we may disregard, for it is only the consideration that matters. It seems to me a perversion of terms to say that a wife's right to support is a "right in the decedent's property", like dower. She can of course collect it out of his property, but so can any other creditor collect his claim; the words mean something more than that, or they mean nothing at all. I do not think that their meaning is far to seek. Section 302(b) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev. Code, § 811(b), had included in the gross estate dower, curtesy and any statutory substitutes for either; § 804 of the Act of 1932 provided, primarily at any rate, against the taxpayer's escape by creating a personal claim in consideration of the surrender of these rights. Had the section stopped there, I submit that there could have been no possible doubt that it was directed only against such an evasion. I agree that we must find some added purpose in the added words, and that too I think is fairly apparent: they

were to include any marital jus in re which was not dower or curtesy, or their statutory substitutes. It is true that I cannot think of any, but that seems to me neither conclusive, nor important; statutory draughtsmen often provide against possibilities which have not yet arisen. The primary purpose of the section as a whole, the coupling of the phrase in question with dower and curtesy, the form of its concluding clause and the redundancy of that clause, if no more was meant than that the claim should be collectible from the spouse's assets; all these seem to me effectively to conspire against the Board's position.

Moreover, I think that the argument does not end there, because of the consequences of construing the phrase otherwise. If a husband dies, having deserted his wife and failed to provide for her, her claim against him is certainly deductible; it is a "claim" within § 303 (a) (1) of the Act of 1926, 26 U.S.C.A. Int.Rev.Acts, and it is not within § 804 of the Act of 1932, because it is not based upon a surrender of any marital rights, but is the right itself. The same is true of arrears of alimony fixed by a decree of divorce. But if the Board's view is to prevail, the same claim is not deductible, if the spouses have commuted it by agreement; and perhaps also if such an agreement has been incorporated into a decree. It is incredible that Congress should have attached that consequence to the circumstance—wholly irrelevant for taxing purposes—that the payments have been made definite, whether they are limited to the joint lives of the spouses, or are extended at reduced amounts beyond the husband's death. If the words could not be otherwise satisfied, we should of course have to say that they went even so far as that, but, as I think I have shown, they are ill chosen for such a meaning, were the scales in balance, which they certainly are not.

Before it decided the case at bar the Board itself had been of several minds upon the question (In re Phillips, 36 B.T.A. 752; In re Young, 39 B.T.A. 230; In re Brokaw, 39 B.T.A. 783; In re Weiser, 39 B.T.A. 1144), but I think that in the end it has come out wrong.