## NANTKE v. UNITED STATES.

District Court, W. D. New York.
Oct. 5, 1940.

Bagley, Wechter, & Irvin, of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, of Buffalo, N. Y., of counsel), for defendant.

BURKE, District Judge.

This is a motion by the plaintiff for summary judgment. The suit is one to recover an alleged overpayment of the estate tax. The decedent died in 1933. In 1919, he entered into a separation agreement wherein he agreed to pay his wife and bound his legal representatives to pay her for her support and maintenance. $7,500 a year during her lifetime. His wife agreed to accept such payments in full settlement of all claims for support and maintenance. The agreement provided that she might elect in the event of decedent's death prior to hers either to take the annuity under the agreement or to take the rights which she had under the provisions of the Real Property and De-

cedent Estate Laws, Consol.Laws, cc. 50, 13. The payments provided by the separation agreement were made during decedent's lifetime. Upon his death she elected to take the annuity under the agreement and filed a claim against the estate based upon the agreement. She was paid upon said claim $102,500 in full settlement of any and all claims against the estate and thereupon released all her rights against the estate. The executors paid the estate tax upon a computation by the Commissioner of Internal Revenue which disallowed as a deduction from the gross estate any sum paid by the executors upon the claim of decedent's widow. The surviving executor now claims to be entitled to a refund of $4,112.20 upon the ground that $75,347.25 should have been allowed as a deduction from the taxable estate, that being the commuted value of the annuity due the decedent's widow under the separation agreement for her life expectancy.

The statute, 26 U.S.C.A. Int.Rev.Code, § 812, for the purpose of determining the net taxable estate allows a deduction for claims against the estate. According to the statute the deductions shall, when founded upon a promise or agreement, be limited to the extent that they were contracted for an adequate and full consideration in money or moneys worth. The statute further provides that a relinquishment or promised relinquishment of dower or of a statutory estate created in lieu of dower or of other marital rights in decedent's property or estate shall not be considered to any extent a consideration in money or moneys worth.

The plaintiff argues that there was no relinquishment of dower or of a statutory estate created in lieu of dower or of other marital rights in decedent's property or estate, provided for by the separation agreement. Relinquishment of a wife's right to support has been held to be fairly within the phrase "other marital rights in the decedent's property or estate". Meyer's Estate v. Commissioner of Internal Revenue, 2 Cir., 110 F.2d 367, 368. But even though it might be conceded that this was not a relinquishment within the meaning of the statute there is another reason that makes the claim undeductible. The statute limits deductions for claims to those contracted for an adequate and full consideration in money or moneys worth and provides that either a relinquishment or promised relinquishment of dower

or of a statutory estate created in lieu of dower or of other marital rights in the decedent's estate or property, shall not be considered to any extent a consideration in money or moneys worth. Even though it be said that the agreement did not provide a relinquishment of rights in the decedent's property or estate it impliedly did provide for a promised relinquishment of her rights in the decedent's estate upon her election to take the benefits provided by the agreement. This election she made and she relinquished her statutory rights as she had impliedly agreed to do upon election to take under the agreement. What she relinquished was a right to take a third of the decedent's net estate under Section 83 of the Decedent Estate Law. What she received in payment of her claim was in lieu of her statutory rights in the decedent's estate. The substitution was by mutual agreement between her and the decedent. It was upon that agreement that her claim against the estate was founded. By express provision of the statute such a consideration may not be construed to be to any extent for money or moneys worth. The deduction was rightfully disallowed. Meyer's Estate v. Commissioner, supra; White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 348.

Motion for summary judgment in plaintiff's favor is denied. Since no issue of fact remains for trial the defendant may have judgment dismissing the complaint on the merits without costs.