ESTATE OF ROBERT MANNING McKEON, DECEASED, DANIEL MANNING McKEON, ET AL., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44914. Filed January 13, 1956.

*Ethan Allen, Esq.*, and *Sandow Holman, Esq.*, for the petitioners. *Richard D. Maloney, Esq.*, for the respondent.

702

**OPINION.**

HARRON, *Judge:*

### *Issue 1.*

The first question to be decided is whether the value at the date of the decedent's death of the corpus of Trust B is includible in the gross estate because of the provisions of section 811 (c) (1) (B) of the 1939 Code.[1] The value of the trust corpus is not in dispute.

---

[1] SEC. 811. GROSS ESTATE.

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT, DEATH.—

(1) GENERAL RULE.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

\* \* \* \* \* \* \*

(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; \* \* \*

The petitioners concede that the decedent was under a continuing legal obligation to support his wife and children and that under the trust instrument and the separation agreement, the income of Trust B was for the support and maintenance of the wife and children. The petitioners concede, further, that under all of the facts and circumstances the decedent retained the enjoyment of, or the right to the income from Trust B. Therefore, one of the conditions of section 811 (c) (1) (B) is present.

However, the petitioners rest their contention that section 811 (c) (1) (B) does not apply upon the narrow ground that the period during which the decedent retained his interest in the trust income was not a "period which does not in fact end before his death." At the time of the decedent's death, the trust income was still being paid over to Margot McKeon in discharge of the decedent's continuing legal obligation to support her and the two minor children. It is clear, therefore, that the decedent's interest in the trust income lasted for a period which literally did "not in fact end before his death." The petitioners claim, however, that the language of the statute must not be read literally. They assert that this portion of section 811 (c) (1) (B) is not operative, even though the decedent's reservation of income does not in fact end before his death, unless it appears that the decedent *intended* that the reservation of income should extend for the duration of his life or unless the period of reservation had no possible termination before his death.

The petitioners' argument must be rejected. The language of the statute "for any period which does not in fact end before his death" is clear and unambiguous, *Marks* v. *Higgins*, 213 F. 2d 884, 887, and applies to the transfer in this proceeding, where the decedent's interest in the trust income did not in fact end before his death. *Estate of Ambrose Fry,* 9 T. C. 503, 507. *Helvering* v. *Mercantile-Commerce Bank & Trust Co.,* 111 F. 2d 224, 226, reversing on other grounds *Estate of Paul F. Donnelly,* 38 B. T. A. 1234, certiorari denied 310 U. S. 654. Cf. *Estate of Ernest Hinds,* 11 T. C. 314, 324, affirmed on other grounds 180 F. 2d 930.

The petitioners' contention that section 811 (c) (1) (B) is inapplicable because the termination of the decedent's interest in the trust income was dependent upon his wife's death or remarriage and the coming of age of the children, and not upon his death, is based upon certain language in *Commissioner* v. *Nathan's Estate,* 159 F. 2d 546, certiorari denied 334 U. S. 843. This case involved an inter vivos transfer in trust which was made in 1941, under which the decedent-grantor gave a life estate to his sister and reserved a life estate in himself in the event his sister predeceased him. The decedent-grantor died in 1943, during the lifetime of his sister. The Circuit Court of Appeals held that the corpus of the trust, less the value of the

sister's outstanding life estate, was includible in the decedent's gross estate under section 811 (c) of the 1939 Code. To the same effect, see *Marks* v. *Higgins, supra.* We are unable to perceive any indirect or oblique support in *Nathan's Estate* for petitioners' ingenious argument. Certainly, the rationale and holding of that decision are in support of the Commissioner's determination here. Also, it appears likely that the discussion seized upon by the petitioners was addressed to other phrases in the statute which are not involved in this proceeding, namely, "for his life or for any period not ascertainable without reference to his death." See *Commissioner* v. *Nathan's Estate, supra,* p. 549.

We hold that the value of the corpus of Trust B is includible in the decedent's gross estate under section 811 (c) (1) (B). *Helvering* v. *Mercantile-Commerce Bank & Trust Co., supra; Commissioner* v. *Dwight's Estate,* 205 F. 2d 298, reversing 17 T. C. 1317 on other grounds, certiorari denied 346 U. S. 871; *Mathilde B. Hooper,* 41 B. T. A. 114, 125.

There remain two issues; they involve the provisions of section 811 (i) of the 1939 Code.[2] The petitioners assert, next, that even if the value of the corpus of Trust B is includible in the decedent's gross estate under the provisions of section 811 (c) (1) (B), there shall be excluded from the gross estate the commuted values of (A) the cost of the support of both of the children during their respective minorities; and (B) the cost of the support of the decedent's wife, Margot, during the decedent's life. Under the theories of the petitioners, and their contentions as to the commuted values of the alleged cost of support of the three individuals during the stated period, it would follow that the combined, commuted values would exceed the value of the corpus of Trust B at the date of the decedent's death, and, therefore, there would be no "excess of the fair market value at the time of death of the property otherwise to be included [in the gross estate] * * *, over the value of the consideration received therefor by the decedent." Sec. 811 (i).

### *Issue 2. Decedent's Transfer to Trust B for the Support of His Children.*

The question to be decided under this issue is whether any part of the property transferred by the decedent to the corpus of Trust B

---

[2] SEC. 811. GROSS ESTATE.

(1) TRANSFERS FOR INSUFFICIENT CONSIDERATION.—If any one of the transfers, trusts, interests, rights, or powers, enumerated and described in subsections (c), (d), and (f) is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration received therefor by the decedent.

was transferred "for a consideration in money or money's worth." The petitioners contend that part of the consideration received by the decedent for the transfer was the release of his obligation under State law to support his two children; that the release of a father from his obligation to support his children is "a consideration in money or money's worth" within the meaning of section 811 (i) of the 1939 Code; that at least $3,400 per year was required to support each child; that the commuted value of $3,400 per year for each of the children during their respective minorities was $63,736.80; and that under section 811 (i), the amount of $63,736.80 must be excluded from the fair market value of the corpus of Trust B.

The question is controlled by *D. G. McDonald Trust,* 19 T. C. 672, 687, affirmed sub nom. *Chase National Bank of the City of New York, et al., Trustees* v. *Commissioner,* 225 F. 2d 621; *Weiser* v. *Commissioner,* 113 F. 2d 486; *Estate of Eben B. Phillips,* 36 B. T. A. 752; *Edmund C. Converse,* 5 T. C. 1014, affd. 163 F. 2d 131; *Roland M. Hooker,* 10 T. C. 388, affd. 174 F. 2d 863. It is concluded that part of the property transferred to Trust B was made, and is clearly referable to, the support of the decedent's children and that the transfer of such part was supported by full and adequate consideration in money's worth. Under this issue the petitioners are sustained.

There is also the question of the valuation of the children's support. Upon consideration of all of the evidence it is concluded that a reasonable prospective value of the children's support is $63,736.80.

*Issue 3. Decedent's Transfer to Trust B for the Support of His Wife.*

The petitioners contend that the commuted value of the support of the decedent's wife was $233,013.15; that the decedent's obligation to support his wife was satisfied by transfer of part of the property to the trust; and that satisfaction of the decedent's obligation to support his wife constitutes consideration in money's worth. Accordingly, they contend that under the provisions of section 811 (i), the value of the corpus of Trust B must be reduced by the amount of $233,013.15.

The respondent contends that the wife's right to support constitutes "marital rights in the decedent's property or estate," the release of which may not, under section 812 (b), be considered consideration in money's worth for the purpose of section 811 (i).

Section 812 (b) provides as follows:

For the purposes of this subchapter, a relinquishment or promised relinquishment of dower, curtesy, * * * or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

The support and maintenance rights relinquished by Margot McKeon fall within the phrase "other marital rights in the decedent's property

or estate," in section 812 (b), *William Weiser, Executor*, 39 B. T. A. 1144, *Meyer's Estate* v. *Commissioner*, 110 F. 2d 367, 368, certiorari denied 310 U. S. 651, and the release of these rights does not constitute "consideration in money or money's worth." *Helvering* v. *United States Trust Co.*, 111 F. 2d 576; *Adriance* v. *Higgins*, 113 F. 2d 1013. Also, Margot McKeon's release of her dower rights in decedent's property is expressly excluded from consideration as "consideration in money or money's worth" by section 812 (b). The petitioners cannot prevail under this issue.

Because of our conclusion under *Issue 2, supra,* the excess of the value, at the date of death, of the corpus of Trust B, which value is $152,887.14, above the commuted value of the children's support, $63,736.80, namely, $84,150.34, is includible in the gross estate pursuant to section 811 (i).

The petitioners are entitled to deductions for a reasonable amount for legal expenses incurred in this proceeding. The parties are to compute such amount under Rule 50.

*Decision will be entered under Rule 50.*