DISTRICT OF COLUMBIA, Petitioner,

v.

Frances C. LEWIS (formerly Frances Carter Frick), Executrix, Estate of Harold C. Frick, Deceased, Respondent.

No. 15780.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 25, 1960.

Decided Jan. 19, 1961.

Petition for Rehearing En Banc Denied Feb. 21, 1961.

* Sitting by designation pursuant to Sec. 294 (a), Title 28, U.S.Code.

Burton, Justice, dissented.

Mr. Harrison S. Howes, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Henry E. Wixon, Asst. Corporation Counsel, Washington, D. C., were on the brief, for petitioner.

Mr. Henry H. Elliott, Washington, D. C., for respondent.

Before Mr. Justice BURTON, retired,* and BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On December 22, 1934, Harold C. Frick and his first wife, Vida, entered into a "Property Settlement and Separation Contract." That agreement recited that there had been a final and irreconcilable separation of the parties and that it was their desire to settle and agree upon all property rights between them by virtue of their marital relationship. The agreement then set out in painstaking detail the exact terms of the decisions of the parties.

Paragraph 1 of the agreement provided that all property, real and personal, with certain exceptions thereinafter enumerated, owned by the husband prior to his marriage and all property acquired by him during the marriage and then owned by him should be the absolute property of the husband, free and clear of any claim, dower interest, statutory interest or other interest of any kind or character whatsoever of the wife by reason of the marriage relationship, and there was the usual provision requiring relinquishment of those rights. Paragraph 2 contained the same provisions for the property of the wife owned by her at the time of the marriage and all property acquired by her in her own right since the marriage, with the same provisions as to relinquishment of the rights of the husband.

Paragraph 3 provided that all furniture, household goods and effects, and the like, with the exception of personal effects belonging to the husband and certain books, should be the absolute property of the wife; and it was agreed that the furniture, household goods and effects were free of any encumbrance.

Paragraph 4 provided that an automobile the property of the husband should be conveyed to the wife, free and clear of encumbrance.

Paragraph 5 provided that certain real estate, presumably the former home of the parties, title of which stood in the names of both parties, should be the property of the wife subject to an encumbrance of $16,500.00, and that certain real estate in Colorado standing in the name of the wife should be her absolute property, free and clear of any rights of the husband. There were in paragraph 5 a number of requirements as to pro-rating taxes and insurance policies, and an agreement by the husband to pay certain expenses up to January 1, 1935.

---

* Sitting by designation pursuant to § 294(a), Title 28 U.S.C.

Paragraphs 6 to 10 provided detailed arrangements for the support of the wife and daughter. It was agreed that the husband would pay $400.00 per month for the support and maintenance of the wife and daughter, and there was an escalator clause by which the support arrangement could be upped or lowered, depending upon the husband's income. No provision was made for their two sons because they were then in the husband's employ.

It is paragraph 7 which gives rise to this controversy. Item 3 of that paragraph provides as follows:

"(3) If first party [husband] should at any time hereafter depart this life, in lieu of all payments hereunder due from the date of his death and necessarily to be paid from this estate, a lump sum shall be paid to second party [wife] as follows:

"(a) If he should die within six years from this date the sum of Forty-five Thousand Dollars ($45,-000.00)

"(b) If he should die between the years 1940 and 1946, the sum of Forty Thousand Dollars ($40,000.-00).

"(c) If he should die between the years 1946 and 1952, the sum of Thirty-five Thousand Dollars ($35,-000.00).

"(d) If he should die between the years 1952 and 1958 the sum of Twenty-five Thousand Dollars ($25,-000.00).

"Upon the proof of this contract and the lodging of second party's claim against first party's estate, the amount due, as herein contemplated, shall be allowed by the court administering his estate and promptly paid."

There are other provisions in the agreement which are not pertinent to this action.

On the same day the agreement was signed, a decree of absolute divorce was entered in the Circuit Court of Jackson County, Missouri, dissolving the bonds of matrimony between the parties, giving the care, custody and control of the sons to the husband, and providing that the husband pay to the wife, during her natural life or until she should marry, the sum of $400.00 per month for the support and maintenance of herself and the daughter of the parties. The husband was further directed to pay the sum of $1,000.00 attorney's fees, the amount provided in the separation agreement. Somewhat later, Harold Frick moved to the District of Columbia and married Frances Carter.

Sometime after the divorce between the husband and his first wife, a suit having to do with the monthly support payments was filed by Vida against her husband in the United States District Court for the District of Columbia; and, on March 2, 1942, due to a stipulation between the parties and the court being advised that all matters of difference between the parties had been adjusted and settled, the action was dismissed.

The husband remained married and domiciled in the District of Columbia until his death in July, 1956, a short time prior to which he had made a will wherein, after provision for the payment of debts, funeral expenses and the like, his entire estate was bequeathed to Frances, who was appointed executrix. There was no provision in the will for the payment of $25,000.00 to Vida.

Vida thereupon filed claim upon the decedent's estate for the sum of $25,-000.00, which she claimed to be owing to her under the provision of the separation agreement providing that she should receive that amount if the decedent died between the years 1952 and 1958. The claim being rejected, suit for $25,000.00 was filed by Vida in the United States District Court for the District of Columbia against the estate of Harold C. Frick. The claim was adjusted by payment of $23,500.00 to Vida out of the funds of the estate, whereupon the suit was entered "Settled, Satisfied and Dismissed with Prejudice." An inheritance tax was assessed against Vida by the assessing authority of the District of Columbia and,

the tax not being paid, payment from the estate was secured by distraint. The executrix filed claim for refund with the District of Columbia Finance Office. The claim was denied and the executrix then sued for refund in the District of Columbia Tax Court. That court granted the relief sought, and this petition by the District of Columbia for review of the decision followed.

Petitioner's claim is based on § 47-1601(a) of the District of Columbia Code, which reads in pertinent part as follows:

"Taxes shall be imposed in relation to estates of decedents, the shares of beneficiaries of such estates, and gifts as hereinafter provided:

"(a) All * * * personal property * * * transferred by deed, grant, bargain, gift, or sale (*except in cases of a bona fide purchase for full consideration in money or money's worth*) * * *." [Emphasis supplied.]

There is no question but that the payment here in question was "transferred by deed, grant, bargain, gift, or sale."

The issue of the case then is whether a transfer from a husband to his wife, if in lieu of his support obligation, is made for "full consideration in money or money's worth" within the meaning of § 47-1601(a) of the District of Columbia Code.

The meaning of this phrase in the District of Columbia Code has never been decided. However, the identical phrase has appeared for many years in the Internal Revenue Code, and we look for guidance to decisions interpreting the phrase there.

"[R]elinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights. * * * shall not be considered to any extent a consideration 'in money or money's worth.'" Int. Rev.Code of 1954, § 2043(b), 26 U.S. C.A. § 2043(b); Int.Rev.Code of 1939, § 812(b), 26 U.S.C.A. § 812(b); see Merrill v. Fahs, 1945, 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963, interpreting § 303(a) (1) of the Revenue Act of 1926 and § 503 of the Revenue Act of 1932. The problem of the instant case, then, lies in determining whether a wife's right to support is one of the "other marital rights" referred to in the sections quoted above.

In Meyer's Estate v. Commissioner of Internal Revenue, 2 Cir., 1940, 110 F.2d 367, 368, it was held that the wife's right of support was one of the "other marital rights." Learned Hand, J., dissenting, pointed out that a wife's right to support is not analogous to dower because it is not a right in the property of the husband. It was Judge Hand's view that the words "other marital rights" were merely intended to provide for future substitutes for the estates of dower and curtesy. That dissent was never adopted by the Second Circuit. See Judge Hand's majority opinion in Commissioner of Internal Revenue v. Maresi, 2 Cir., 1946, 156 F.2d 929.

However, the Internal Revenue Service itself has since declined to follow the Meyer's Estate and Maresi cases. E.T. 19, Cum.Bull. 1946–2, 166, states that a transfer in lieu of support is a substitute for a transaction which of itself would not be subject to a transfer tax, whereas a transfer in lieu of dower is made in lieu of a transaction which would be subject to such a tax. The reasoning of the Internal Revenue Service is that the federal transfer tax should reach every transfer made in lieu of one which would be taxed, and *vice versa*. We think this is the better view and, therefore, agree with the reasoning of the Internal Revenue Service that "support" is not one of the "other marital rights." We are thus unwilling to follow Meyer's Estate and Maresi.

We have been referred to Commissioner of Internal Revenue v. Wemyss, 1945, 324 U.S. 303, 65 S.Ct. 652, 89 L.Ed. 958, and Merrill v. Fahs, supra. These cases are not in point. The Wemyss case held [324 U.S. 303, 65 S.Ct. 653] that an antenuptial property settlement in con-

sideration of the forthcoming marriage was not made for "money or money's worth," *i. e.*, that marriage itself is not consideration in money or money's worth. Merrill held that an antenuptial settlement made in consideration of relinquishment of dower was not made for consideration in money or money's worth. Neither of these cases decided whether relinquishment of support was money or money's worth or whether support was one of the "other marital rights."

Harris v. Commissioner of Internal Revenue, 1950, 340 U.S. 106, 71 S.Ct. 181, 185, 95 L.Ed. 111, indicates that a voluntary contractual division of *marital property rights* upon divorce would be subject to the federal gift tax. The Supreme Court was not faced with the question of the taxability of transfers in lieu of a husband's legal obligation to support his wife, which is the issue here involved.

We therefore hold that a transfer in lieu of a husband's obligation to support his wife during their joint lives, or until her remarriage, is made for full and adequate consideration in money or money's worth. If the lump sum payment here was in lieu of the support obligation, then it is not subject to a transfer tax.

By analogy to Dobson v. Commissioner of Internal Revenue, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, and the United States Tax Court, the case will be remanded to the District of Columbia Tax Court to decide the factual question of whether this transfer was in lieu of the support obligation and to determine, subject to further review, the proper standard to be used in making the finding.

The decision of the District of Columbia Tax Court is therefore reversed, and the case is remanded for the further finding called for in this opinion and for such disposition as the Tax Court then deems proper.

So ordered.

1. District of Columbia Revenue Act of August 17, 1937, 50 Stat. 683.

Mr. Justice BURTON, dissenting: This case tests the applicability of the District of Columbia inheritance tax statute, D.C.Code, 1951, § 47–1601, to a lump sum payment of $23,500 made in 1957 out of the estate of a deceased domiciliary of the District of Columbia to his former wife. The payment was made in settlement of an obligation arising under a separation agreement relinquishing marital rights and entered into in 1934 between husband and wife immediately before their divorce but not incorporated in the divorce decree. The District assessed its inheritance tax of $1,125 against the recipient of the payment and in 1959 collected the tax by distraint levied upon funds of the estate on deposit in the District.

Respondent, who was the second wife of the deceased and is the executrix of his estate, filed a claim with the Finance Officer for the District seeking a refund of the tax which the District had collected. Upon denial of that claim, she instituted an action in the District of Columbia Tax Court for the refund of such tax. That court held that the District inheritance tax statute was not applicable and ordered the District to refund to respondent, with interest, the amount erroneously collected. The District now asks this Court to review that decision. It is my opinion that the District inheritance tax statute is applicable to such a payment and that the judgment of the local Tax Court to the contrary should be reversed. The interpretation that has been given to comparable language in the federal estate tax statute leads me to this conclusion.

The District inheritance tax statute was enacted in 1937 [1] and amended in other particulars on July 26, 1939.[2] It provides in part:

"Taxes shall be imposed in relation to estates of decedents, the shares of beneficiaries of such es-

2. District of Columbia Revenue Act of July 26, 1939, 53 Stat. 1111.

tates, and gifts as hereinafter provided:

"(a) All * * * personal property * * * transferred by deed, grant, bargain, gift, or sale *(except in cases of a bona fide purchase for full consideration in money or money's worth)* * * *." (Emphasis added.) D.C.Code, 1951, § 47–1601.

The language emphasized above is closely comparable to that which has long been a part of the *federal* estate tax statute. For example, § 303(a) (1) of the Revenue Act of 1926, 44 Stat. 72, allowed a deduction from the gross estate for "claims * * * contracted bona fide and for an adequate and full consideration in money or money's worth * *." In addition, § 804 of the Revenue Act of 1932, 47 Stat. 280, added to the *federal* estate tax provisions an interpretative declaration, never incorporated in the District inheritance tax statute, that "a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other *marital rights in the decedent's property or estate, shall not be considered to any extent a consideration in 'money or money's worth.'* " (Emphasis added.)

3. "Sec. 812. Net Estate.
    *     *     *     *     *
   "(b) * * * The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were *contracted bona fide and for an adequate and full consideration in money or money's worth.* * *
   "For the purposes of this subchapter [basic estate tax], a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other *marital rights in the decedent's property or estate, shall not be considered to any extent a consideration in 'money or money's worth.'* " (Emphasis added.) I.R.C., 1939.
   "Sec. 2053. Expenses, indebtedness, and taxes.
    *     *     *     *     *
   "(c) * * *
   "(1) * * *

Both of the foregoing clauses were substantially reenacted in § 812 of the Internal Revenue Code of 1939 and in §§ 2053 and 2043 of the Internal Revenue Code of 1954.[3]

Respondent contends that by thus specifically providing in the *federal* estate tax statute that relinquishment of marital rights is not sufficient consideration to make a claim deductible from the gross estate, and by omitting any such specific provision from the *District* inheritance tax statute, Congress has indicated that the relinquishment of marital rights may be sufficient consideration under the *District* Code. According to respondent, the words, "full consideration in money or money's worth," are to have different meanings in the Federal and District Acts.

On the other hand, the District claims, and I agree, that the Supreme Court of the United States in Merrill v. Fahs, 1945, 324 U.S. 308, 65 S.Ct. 655, 89 L. Ed. 963, has fully considered substantially the same issue in a case involving the federal gift tax and has decided to the contrary. In that case a man promised in an antenuptial agreement to set up a trust for the benefit of his intended wife in consideration of her relinquishing all marital rights except the right to

   "(A) Consideration for claims.—The deduction allowed by this section in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded on a promise or agreement, be limited to the extent that they were *contracted bona fide and for an adequate and full consideration in money or money's worth * * *." (Emhasis added.)
   "Sec. 2043. Transfers for insufficient consideration.
    *     *     *     *     *
   "(b) Marital rights not treated as consideration.—For purposes of this chapter [estate tax], *a relinquishment* or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other *marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth.'* " (Emphasis added.) I.R.C., 1954.

maintenance and support. The gift tax statutes of 1939 and 1954 contain language exempting from that tax transfers made in return for "adequate and full consideration in money or money's worth."[4] The gift tax provisions, however, contain no express reference to payments involving relinquishment of marital rights. It was argued in that case, as respondent argues here, that this omission was significant. The Supreme Court rejected that argument. It held that the omission of the provision as to marital rights did not change the meaning of the exemption clause. On the contrary, the Supreme Court held that Congress had merely omitted an unnecessary and redundant illustration of the effect of that exemption. The Supreme Court said:

"To be sure, in the 1932 Act Congress specifically provided that relinquishment of marital rights for purposes of the estate tax shall not constitute 'consideration in money or money's worth.' The Committees of Congress reported that *if the value of relinquished marital interests 'may, in whole or in part, constitute a consideration for an otherwise taxable transfer (as has been held to be so), or an otherwise unallowable deduction from the gross estate, the effect produced amounts to a subversion of the legislative intent* * * *.'* H.Rep. No. 708, 72d Cong., 1st Sess., p. 47; S.Rep. No. 665, 72d Cong., 1st Sess., p. 50. *Plainly, the explicitness was one of cautious redundancy to prevent 'subversion of the legislative intent.'* Without this specific provision, Congress undoubtedly intended the requirement of 'adequate and full consideration' to exclude relinquishment of dower and other marital rights with respect to the estate tax. Commissioner v. Bristol [1 Cir.], 121 F.2d 129; Sheets v. Commissioner [8 Cir.], 95 F.2d 727." (Emphasis added.) 324 U.S. at pages 312–313, 65 S.Ct. at page 657.

There is no more reason, in order to clarify the meaning of "full consideration," to require specific reference to marital rights in the District inheritance tax than there was in the federal estate and gift taxes.

It is true that the marital rights involved in Merrill v. Fahs did not include the wife's right of support during her husband's life. This was one of the marital rights—although apparently not the only one—which the wife in the instant case gave up in return for the payments she received. But the Supreme Court's opinion in the Merrill case was not narrowly restricted to dower rights and their analogues. The Supreme Court spoke broadly of "dower and other marital rights." 324 U.S. at page 312, 65 S.Ct. at page 657.

In Harris v. Commissioner, 1950, 340 U.S. 106, 109, 71 S.Ct. 181, 95 L.Ed. 111, the Supreme Court considered the application to a transfer of property pursuant to a divorce decree of the same gift tax section which was at issue in Merrill v. Fahs. The marital rights given up by the wife appear to have been substantially the same in Harris as those given up by the wife in the instant case.

4. Section 1002 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1002, provides:

"Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

Section 2512(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2512 (b), provides:

"Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

The Supreme Court regarded it as settled that if the transfer had been based merely upon the separation agreement, as it was in the instant case, there would have been no transfer for adequate and full consideration and the transfer would have been subject to the gift tax. I must conclude, therefore, that the meaning of the somewhat cryptic exemption clause now before us has been authoritatively determined by the Supreme Court. Whatever doubt might have been engendered by the omission of any express reference to the effect of the relinquishment of marital rights from the gift tax statute and from the District inheritance tax statute, that doubt has been dispelled by the decisions in the Merrill and Harris cases. See also Taft v. Commissioner, 1938, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393.

It is also persuasive that the Second Circuit has repeatedly held, in cases under the federal estate tax, that a wife's right to support during her husband's life is a "marital right" within the specific exemption of § 812(b) of the Internal Revenue Code of 1939 (now § 2043 (b) of the Internal Revenue Code of 1954), and that her relinquishment of this right is not adequate and full consideration for a claim against the husband's estate. The leading case is Meyer's Estate v. Commissioner, 2 Cir., 110 F.2d 367, certiorari denied 1940, 310 U.S. 651, 60 S.Ct. 1103, 84 L.Ed. 1416.

In Merrill v. Fahs, the Supreme Court made it clear that its guiding principle in the construction of these statutes was that the federal gift and estate taxes must be uniformly construed. The Court said that "to interpret the same phrases in the two taxes concerning the same subject matter in different ways where obvious reasons do not compel divergent treatment is to introduce another and needless complexity into this already irksome situation." 324 U.S. at page 313, 65 S.Ct. at page 657. The Supreme Court held that the federal estate and gift taxes were *in pari materia* and should be interpreted harmoniously lest there be a "subversion of the legislative intent." The need to give harmonious construction to the words in Congress' taxing statutes is no less compelling here.

It would be a "subversion of the legislative intent" to interpret the statutory exemption in such a manner as to leave the federal estate tax and the federal gift tax statutes applicable as they are, but to interpret the same language in the District inheritance tax statute so as to make that tax inapplicable. In the face of the Merrill and Harris decisions such a distinction could be justified only if an express decision or statutory provision required it. No such justification is shown here.

I conclude, therefore, that the $23,500 payment was not made for full consideration in money or money's worth and that the District inheritance tax is applicable. Accordingly, I would reverse the judgment of the District of Columbia Tax Court.